GEORGE B. HOLLIMAN v. FRENCH SMITH AND WIFE.

1. The homestead is the place where the family resides, or the property dedicated as such residence.
2. The husband being the head of the family chooses and establishes the homestead; such choice determines the homestead of the family.
3. He can select, among several dwellings, which shall be the homestead; upon such choice the new homestead becomes, *eo instanti*, that of the wife.
4. Such choice cannot be revoked against one who purchased an abandoned homestead upon the strength of such new designation.
5. The declarations of the husband and wife, claiming as their homestead the place of their actual residence, may be given in evidence against them in a suit brought by them to recover such abandoned homestead, bought by the defendant on the strength of such declarations.
6. The effect of such declarations is not changed by the subsequent loss of the designated homestead by the enforcement of liens existing at the time such declarations were made.

APPEAL from Guadalupe. Tried below before the Hon. James J. Thornton.

This is the second time this case has been before the Supreme Court. (See the case of F. Smith and Wife v. Holliman, No. 3160, of the Supreme Court docket, decided October 26, 1868.)

The suit was an action of trespass to try title, brought by Smith and wife against Holliman in the District Court of Guadalupe county, to recover a tract of land known as "the Elm Spring tract," which plaintiffs claimed as their homestead. The petition was filed on the eleventh of June, 1861. On the eleventh of April, 1866, defendant Holliman filed his answer of "not guilty," and set up title to the property under a sheriff's deed made by virtue of a sale under certain executions issued by the district clerk of Guadalupe county.

This sale was made by the sheriff on the third day of May, 1859, and his deed to Holliman is of the same date.

Holliman denied that there was any homestead claimed or used by plaintiffs on the land, either at the date of the judgment, levy, or sale. Holliman, further answering, sets up a deed of trust executed by plaintiffs on the thirtieth day of April, 1858, to one John P. White, trustee, for the benefit of Roberts, to secure money loaned; and that on the day of sale by the sheriff, the land was sold subject to this trust deed; that after the sheriff's sale, Roberts transferred his interest in the trust deed to William M. Rust, and Rust transferred it to Holliman, the defendant; that the money, to secure which the deed of trust had been executed, having never been paid, if plaintiffs were entitled to the land, defendant was entitled to his lien upon it for the amount due on the deed of trust and the amount paid by him at the sheriff's sale.

To this answer Smith and wife filed a replication, on the ninth of May, 1868, pleading that the notes mentioned in the deed of trust were barred by limitation. On the same day they filed a motion for a continuance till the pending questions of the bankruptcy of Holliman could be adjudicated by the United States District Court for the Western District of Texas. This motion was resisted by defendant, and was overruled by the court. There was a trial on the eleventh day of May, 1868, and judgment for Holliman. Appeal to the Supreme Court by plaintiffs, and the judgment was reversed, as above stated, on the twenty-sixth day of October, 1868.

On the fourteenth day of April, 1869, Holliman amended his answer, and alleged that on the day of sale by the sheriff, Mrs. Smith, through her agent, claimed a homestead in "the Darst Creek place;" that she and her husband were, on the day of sale, living on "the Darst Creek place," and had no homestead in "the Elm Spring place;" that Smith himself was present at the sale,

Statement of the case.

and claimed his homestead on "the Darst Creek place." Holliman further pleaded the judgments, executions and amounts paid by him on the same; also again set up the deed of trust for the benefit of Roberts, and alleged that at the time of this transaction Smith and wife were living upon "the Darst Creek place," as their homestead, and that it was unincumbered; and that Smith at that time disclaimed all homestead interest in "the Elm Spring" property; but that Roberts, to save all contingencies, got Mrs. Smith to join in the deed of trust.

On the twenty-fifth day of November, 1869, defendant Holliman filed a motion to have A. M. Jackson, his assignee in bankruptcy, made a party to this suit. This motion was filed as the case was called for trial, and was overruled.

There was a trial, verdict and judgment for the plaintiffs, November 27, 1869.

Motion for new trial overruled, and appeal taken by the defendant.

The evidence is sufficiently given in the opinion.

The court instructed the jury, among other things:

"If you find the property sued for was the homestead at the time of the sheriff's sale under which Holliman bought, then he acquired no title to the property; for the mode pointed out by law by which a married woman can divest herself of her interest in the homestead is by a privy acknowledgment and assent before an officer authorized by law.

"In determining the question where the homestead of the plaintiffs was, at the time of the sheriff's sale, the different and contradictory assertions made by Smith and his wife as to which place was their homestead are not to be considered. You must resort to the actions of one or both of the parties, and such actions as the law has prescribed for the conveyance of real estate.

"Parties may abandon their homestead, but to be an effectual abandonment it must be full and complete, with a fixed intention not to return ; and to prove abandonment the evidence must be undeniably clear, and beyond almost the shadow at least of all reasonable grounds of dispute, that there has been a total abandonment with an intention not to return and claim it."

*John Ireland,* for appellant.

*John P. White,* for appellee, cited Const. of State, Art. 7, Section 22 ; Pas. Dig., 1003 ; 28 Texas, 523, Cross v. Evarts ; 30 Texas, 440, Moore v. Whitis ; 25 Texas Sup., 109, Nichols v. Gordon ; 22 Texas, 628, Roy v. Bremond; 26 Texas, 737, Berry v. Donley ; 29 Texas, 129, Eckhart v. Schlecht; —Texas,— Smith v. Holliman; 30 Texas, 732, Young v. Van Benthuysen; 31 Texas, 688, Welch v. Rice; 20 Texas, 24, Shepherd v. Cassidy ; Id., 96, Gouhenant v. Cockerell ; 18 Texas, 413, Franklin v. Coffee ; 19 Texas, 371, Stone v. Pryor ; 25 Texas, 113, Cox v. Shropshire.

McADOO, J.—This is a suit brought by the appellees, French Smith and wife, against the appellant, Holliman, of trespass to try title. The property in controversy consists of a house and some lots in the town of Seguin, and commonly known as the "Elm Spring Place."

It appears that the property in controversy was sold by the sheriff of Guadalupe county in 1859, by virtue of levies thereon of several executions he held in his hands against French Smith, one of the appellees ; and at the sale the appellant became the purchaser of the property, and the sheriff executed a deed to him as such purchaser. The purchaser soon thereafter went into peaceable possession of the property, and has resided thereon ever since.

The judgment of the District Court was for the plaintiff

in the action, and defendant appealed the case to this court.

It seems that the case turned in the court below almost if not entirely upon the question of homestead, and the appellants' counsel present these two issues for our consideration :

1.  Was the property in controversy the homestead of the family at the time of the sheriff's sale ?

2.  If it was, did the appellants by their acts deprive themselves of the right to set up that homestead as against Holliman ?

A reference to the facts as shown by the record will be necessary to a proper solution of these questions.

Smith owned two places, with a residence on each—this "Elm Spring place," in the town of Seguin, and a tract of some 1200 acres some miles in the country, commonly known as the "Darst Creek place." The appellees, at different times, had lived on each place. At the date of the sale by the sheriff the appellees, with their family, lived on the latter place.

The proof shows that on the day of sale Smith was present and announced to all persons present that he claimed his homestead on the "Darst Creek place," where he then resided, and an attorney-at-law announced for and in the name of Mrs. Smith the same fact. The testimony shows that they did at that time reside on the "Darst Creek place," and that the "Elm Spring place" brought a larger price on account of these announcements than it would otherwise have brought.

These announcements were made, it seems, although the "Darst Creek place" had been sold only a few minutes before by a trustee, to satisfy a debt to secure which Smith and wife had executed a deed of trust while they lived on the "Elm Spring place." There is proof that at different times previously Mrs. Smith had claimed the

"Elm Spring place" as the homestead, and to one witness who was proposing to purchase it she said she would not give her consent to the sale of it.

In view of these facts, was the property in controversy the homestead of the family on the day of the sheriff's sale? Clearly not, either in law or in fact. The appellees did not live on it. They did live on other property, which they claimed as homestead, and at the very time of sale claimed it as such. The homestead is the place of family residence, or the property dedicated as such.

The Constitution and laws exempt the homestead—not such property as might be made such, if the parties desired so to do.

If they had had no residence and had claimed none, and they had had unimproved land capable of being made such, and the levy had been made on it, and the sale made by the sheriff, with the appellees standing by and assuring bidders that it was not their homestead, could they, after the sale, set up the claim of homestead and oust the purchaser? To permit them to do so would be to sanction a fraud, and allow parties to profit by their own flagrant wrong, and under the sacred name of homestead to outrage justice and the law.

The husband is the head of the family. He, not the wife, chooses and establishes the homestead, and when he establishes it, his homestead becomes her homestead, whether she be willing or unwilling.

There cannot be protected by law two homesteads for the same family, one for the husband and one for the wife. The law protects but one, and that one is the homestead dedicated as such by the head of the family. When he sees fit to change the homestead and dedicates another, *eo instanti* the new homestead becomes that of the wife and family also.

If Smith saw fit, after he and his wife had charged the

Darst creek place with a mortgage, to abandon his former homestead, to dedicate the Darst creek place as the homestead, to move upon it and to take the chances of saving it from sale by previously discharging the mortgage or otherwise, and on the very day of sale he and his wife both cling to it and renounce all claim to the former homestead, thereby inducing bidders to part with their money in its purchase, they simply did so at their own peril. Neither the wife, nor the husband, nor both, can effectually reassert claim to the former homestead under such circumstances. (Cravens v. Booth, 8 Texas, 243; Crayton v. Menger, 9 Texas, 285; Chubb v. Johnson, 11 Texas, 469.)

This is the law of this case; and the court, in not so instructing the jury, erred.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.