## No. 2351.

### C. L. THURMOND v. J. M. BROWNSON ET AL.

1. TRESPASS TO TRY TITLE—DISCLAIMER.—When in trespass to try title the defendant files only a disclaimer, evidence which under a proper plea establishing matter of defense would be admissible, should be ex-cluded. No judgment can be rendered on evidence not supported by allegations.

APPEAL from Victoria. Tried below before the Hon. H. Clay Pleasants.

Suit by appellees to recover a building lot in the town of Victoria. Thurmond disclaimed and filed no other plea. The facts in view of the principles announced are unimportant.

*A. B. Peticolas,* for appellant.

*Glass & Callender* and *Stayton & Kleberg,* for appellees.

ACKER, JUDGE. Appellant insists upon the following assignments of error:

1. "The court erred in the judgment rendered in this case, because there was no pleading in the case authorizing the judgment rendered.

2. "The court erred in the judgment rendered herein, because the evidence in the case did not authorize a judgment against C. L. Thurmond upon the warranty, said warranty having been written and signed by the trustee under the deed of trust, without authority of law."

In addition to the ordinary averments in trespass to try title, appellees alleged in their amended petition that appellant executed a deed of trust upon the property to secure them in the payment of a promissory note given for borrowed money; that after default in the payment of the note the property was sold by the trustee in accordance with the terms of the deed of trust, and they became the purchasers for the sum of two hundred and fifty dollars; that the trustee executed and delivered to them a deed with covenant of warranty, binding appellant to warrant and defend the title, as the trustee by the deed of trust was authorized and empowered to do, with prayer for judgment against appellant for purchase money and interest, in the event judgment should be rendered against appellees for the land.

We think these allegations authorized the judgment rendered.

But it is contended that the evidence did not authorize the judgment rendered. Appellees introduced in evidence, without objection, the deed of trust and the deed executed to appellees by the trustees. The deed of trust expressly authorizes and empowers the trustee to execute a deed with full covenants of warranty, in the event of sale of the property, and the deed contains such covenant. Both the deed of trust and the deed correspond with, and suppo the allegations made in the petition.

It appears from the record that appellant filed no pleading, or answer of any kind, other than his disclaimer, nor was there any exception made by him to the petition, nor did he object to the evidence introduced by appellants. His very neglect to except at the proper stage of the proceedings deprives him of all rights except those *stricti juris*, and his objections when urged here for the first time, will be considered only to prevent an obvious violation of the principles of law and justice. (Crosby v. Huston, 1 Texas, 225.)

Appellant introduced evidence to show that the trustee had not sold the property in conformity with the power granted in the deed of trust. Having filed no pleading entitling him to offer such evidence, had it been objected to, it should have been excluded. Affirmative matter of defense must be pleaded, or it can not be given in evidence. The allegations in pleadings authorize the introduction of evidence, and no judgment can be rendered on evidence not supported by the allegations. (Smith v. Sherwood, 2 Texas, 460; Denison v. League, 16 Texas, 399.)

We think there is no error in the judgment of the court below, and are of opinion that it should be affirmed.

*Affirmed.*

**Opinion adopted January 17, 1888.**