## A. A. McGaughey v. American National Bank of Austin.

### Decided December 20, 1905.

**1.—Homestead—Designation.**

The head of the family has the right to designate, out of a larger tract occupied and used by them, the 200 acres which shall constitute the homestead, provided the right is exercised in good faith and the mansion house and appurtenant lands and improvements actually included and directly used in connection therewith included, and it is not necessary for the wife to join in the instrument of designation, or have knowledge of it.

**2.—Same—Evidence.**

A designation of 200 acres out of a tract of 511 acres, made by the husband in 1889, was admissible to show the location of the homestead in 1903, at the execution of a mortgage upon a part of the entire tract, though not made with reference to such mortgage; and, although not held conclusive, it was, in connection with evidence here considered of occupation and use of such 200 acres of a character consistent with such designation, sufficient to support a finding that the homestead continued to be upon the 200 acres so designated.

**3.—Same.**

Such designation and homestead character was not necessarily changed by the intermediate execution by the husband and wife of a mortgage to a third party, including a part of the 200 acres previously designated as homestead and disclaiming homestead rights therein.

**4.—Homestead Designation—Mortgaged Land.**

The husband may, in good faith, fix the homestead upon mortgaged land and so designate it, though having unincumbered land in a larger tract out of which the designation is made. Evidence considered and held to support the validity of such designation.

**5.—Homestead—Mortgagor's Representations—Knowledge by Mortgagee.**

Evidence considered and held to support a finding that the mortgagee was without notice that the mortgagor's representations that the land was not included in his homestead were untrue.

**6.—Homestead Designation—Acknowledgment—Evidence.**

The attestation by a notary public that the party making a designation of homestead personally appeared before him and made affidavit to the facts set forth in such designation, followed by its filing and recording with the county clerk, embraces the substance of a proper acknowledgment for registration and is sufficient to make a certified copy from the record admissible.

**7.—Homestead—Evidence—Admissions.**

Letters of the husband and the wife admitting that certain land offered as security for a loan was not embraced in their homestead were properly received in evidence of that fact.

**8.—Homestead—Disclaimer in Deed of Trust—Pleading.**

The wife can not be permitted to testify that she signed the statement in a deed of trust disclaiming homestead interest in the land conveyed without reading it or knowledge of its contents in the absence of allegations of fraud or mutual mistake.

**9.—Same—Recitals not Conclusive.**

The recital in a deed of trust that the land incumbered was no part of the grantors' homestead was not conclusive against them. Evidence considered and held to support finding that a part of the land, as to which such right was disclaimed, was in fact homestead.

Appeal from the District Court of Travis County. Tried below before Hon. V. L. Brooks.

*Walton & Walton, D. W. Doom* and *D. H. Doom,* for appellant.— The last designation and mortgage in the 19th day of November, 1895, of the balance of said land, accompanied by actual use as a homestead of property so designated as a homestead, was binding upon the defendants and the plaintiff and trustee who dealt with the property after such designation and mortgage and with notice thereof. Texas Land and Loan Company v. Blalock, 76 Texas, 85; Building and Loan Assn. of Dakota v. Guillemet, 15 Texas Civ. App., 653; Western Mortgage & Investment Co., Limited, v. Burford, 67 Fed. Rep., 860.

The defendants having on the 19th day of November, A. D. 1895, mortgaged all of said property to C. H. Silliman, trustee, except 200 acres which included their dwelling house and other improvements could not afterwards, while the Silliman mortgage was still in force, make another mortgage to George W. Littlefield, trustee, and make it valid by reciting that the 200 acres, or a part thereof, was not their homestead. Same authorities.

The head of the family can not designate the homestead on 200 acres of the mortgaged land, and exclude from the homestead the 200 acres that is not mortgaged and then mortgage it. Same authorities.

The homestead designation purporting to have been sworn to by William L. McGaughey and Annie A. McGaughey on the 5th day of June, A. D. 1889, was not acknowledged by them, or either of them, and was, therefore, improperly admitted to record, and the certified

copy thereof taken from the records was not admissible in evidence for any purpose.   Heintz v. Thayer, 92 Texas, 658.

*James H. Robertson,* for appellee.—1.   The husband having the right to designate the homestead, it was not necessary for appellant A. A. McGaughey to join therein.   The instrument designating the homestead was a certificate by the notary reciting the facts and was signed by W. L. McGaughey and sworn to by him; acknowledgment that the same was executed for the purposes and consideration expressed therein was embraced in the instrument itself and it was a properly recorded instrument and the certified copy thereof admissible in evidence as such. Rev. Stats., art. 2403; Brin v. Anderson, 60 S. W. Rep., 780; Affleck v. Wangerman, 93 Texas, 355.   As to sufficiency of acknowledgment see: Brownson v. Scanlon, 59 Texas, 229; Beaumont Pasture Co. v. Preston, 65 Texas, 457-8; Thurmond v. Brownson, 69 Texas, 597.

There was no pleading by the defendants alleging a mistake in or the procurement by fraud of the execution of the deed of trust by Mrs. A. A. McGaughey, therefore the court correctly held that her testimony to the effect that she had not read said instrument and did not know its contents, could not be held as an excuse for her statement in the deed of trust that the land covered thereby did not constitute any part of her homestead.   Scottish-Am. Mortgage Co. v. Scripture, 40 S. W. Rep., 210; Moerlein v. Investment Company, 9 Texas Civ. App., 415.

The defendants were each and both estopped to claim said land as their homestead or to resist the enforcement of the lien thereon, and the court erred in excepting from the operation of the lien the 50 acres on the south end of the 160 acre tract and in refusing to give judgment for plaintiff's foreclosing the lien upon the entire 160 acre tract.   Moerlein v. Scottish-American Mortgage Co., 9 Texas Civ. App., 415; Scottish-American Mortgage Co. v. Scripture, 40 S. W. Rep., 210.

EIDSON, Associate Justice.—The statement of the nature and result of the suit contained in appellant's brief, and which is accepted as practically correct by appellee, is as follows:

"This suit was instituted in the District Court of Travis County on the 1st day of December, 1903, by the American National Bank of Austin, Texas, as plaintiff, against W. L. McGaughey, John D. McGaughey and Mrs. A. A. McGaughey, wife of W. L. McGaughey and George W. Littlefield as defendants, to recover from the defendants W. L. McGaughey and John D. McGaughey the amount due on two promissory notes, and to foreclose against all of the defendants a deed of trust made by the defendants W. L. McGaughey and his wife A. A. McGaughey, to the defendant George W. Littlefield as trustee, on a tract of land in Hood County, Texas, to secure the payment of the two promissory notes.

"The defendants W. L. McGaughey and John D. McGaughey, filed an answer, consisting of a general demurrer and a general denial.

"The defendant A. A. McGaughey, wife of W. L. McGaughey, filed a separate answer for herself, consisting of a general demurrer, general denial, a special plea setting up facts to show that the tract of land

on which plaintiff was seeking to foreclose the deed of trust was a part of the homestead of herself and W. L. McGaughey and herself at the time of the execution of the deed of trust, which rendered it void, and by way of reconvention and cross bill prayed for decree cancelling the deed of trust as a cloud upon her homestead interest in the lands.

"The defendant George W. Littlefield filed an answer admitting the right of the plaintiff to foreclose the deed of trust against him.

"Plaintiff filed a first supplemental petition in reply to the original answer of the defendant A. A. McGaughey, consisting of a general demurrer, general denial and a special plea setting up a designation of homestead by defendants W. L. McGaughey and his wife A. A. McGaughey, on the 5th day of June, 1889, and other facts upon which it is alleged that the defendant A. A. McGaughey was estopped to claim as a part of her homestead the land upon which it was seeking to foreclose its lien.

"On the 18th day of October, 1904, the case was tried by the court without a jury and resulted in a judgment for the plaintiff against W. L. McGaughey and John D. McGaughey for the amount due on the two promissory notes and all costs of suit, and against all the defendants foreclosing the deed of trust on all the lands embraced in it, containing about 160 acres, less some small tract, previously sold out of it, and less also fifty acres off the south end of the tract, which the court decided was embraced in the homestead of defendants W. L. McGaughey and his wife A. A. McGaughey." The court below filed findings of fact and conclusions of law, which are as follows:

"*Findings of Fact.* Defendant W. L. McGaughey is and has continuously been since the year 1872, a farmer, residing with his wife the defendant, A. A. McGaughey, on a tract of 511 acres of rural land situated in Hood County, Texas. Said land and another tract of 120 acres of rural land, separated about one-half mile therefrom in the same county, were during all of said period the community property of said defendants. Following is a correct plat of said two tracts of land, viz:

"All of said land except the 70 acres on the north end of said 511 acre tract, indicated on the plat by dotted lines, is, and has for said time been enclosed by fence. Part of the enclosed land is in pasture, but most of it is in cultivation. The evidence does not disclose the exact amount of each or its relative location on said tracts. But about 70 acres are in cultivation on the south 100 acres of the 511 acre tract, and practically all of the 120 acre tract is in cultivation. None of the unenclosed 70 acres is in cultivation. This condition as to cultivation and enclosures existed at and between all of the dates hereinafter mentioned.

"On the 5th day of June, A. D. 1889, defendants W. L. and A. A. McGaughey resided in a dwelling house situated at the spot marked "1" on the plat. Contiguous to their dwelling were the stables, barns, other outhouses, a well and orchard used by them in connection with their said dwelling. On said date they were negotiating with a loan company for a loan of money to be secured by deed of trust on all or part of said 120 acre tract of land. Being informed by the agent of the loan company that they, in order to obtain said loan, should designate their homestead on land other than the land to be embraced in the proposed deed of trust to the loan company, they for said purpose on said date, caused to be prepared, jointly executed and had recorded in the office of the county clerk of Hood County, a certain written instrument, designating 200 acres out of said 511 acre tract as their homestead. The 200 acres so designated consist of a tract in rectangular form, embracing the 151 acre tract shown·on the plat, and a rectangular strip of 49 acres .off the south end of the 90 acre tract immediately north of said 151 acre tract. The residence of said defendants, its appurtenant outhouses, the orchard and garden were all situated on the 200 acre tract so designated. At some date subsequent to the making and recording of said designation and prior to the execution of the deed of trust in suit, said defendants acquired title to and moved upon the small tract of land marked "2" on the plat. They occupied on said tract a residence with appropriate and necessary outhouses, garden, etc., and were so residing there at the time of the execution of the deed of trust in suit. Said new residence is on land owned by defendants and is immediately contiguous to the 200 acre tract of land designated as their homestead in 1889. During all of the time that said defendants have resided in either of said residences, they have cultivated, used and enjoyed portions of all of the land shown on the plat as their homestead. The most of the cultivated land embraced in said plat has during all of said time been cultivated by tenants to whom said defendants have rented it from year to year. The land directly and personally cultivated or used by defendants at and just prior to the execution of the deed of trust in suit consisted of patches of sorghum of small extent and of a small orchard near their first residence. Neither the extent nor location of the patches of sorghum is shown, but the extent thereof is not considerable. The orchard is located on the 200 acres designated as homestead in 1889. Neither the orchard, the old dwelling nor the new dwelling is located on any part of the property embraced in the deed ·of trust here sought to be foreclosed. The removal of said defendants from the old residence to the new did not cause any change in their

method of using any of the land shown on the plat, except that after said removal they ceased to use the old residence and its appurtenances, as a residence for themselves.

"On November 19, 1895, defendants W. L. and A. A. McGaughey made, executed and delivered to C. H. Silliman, trustee for the Land Mortgage Bank of Texas, Limited, and the next day caused to be recorded in the office of the county clerk of Hood County, Texas, a deed of trust to secure the payment of their certain promissory note for the principal sum of $2,400, the same day made, executed and delivered by them to said bank. The lien of this deed of trust was by them attempted to be made to embrace all of the lands shown on the plat, except the 70 and 90 acre tracts shown on the plat, and about 40 acres, the location of which is not shown by the evidence.

"On August 12, 1901, defendants W. L. and John D. McGaughey, made, executed and delivered to the plaintiff their promissory note for the principal sum of $4,500 as alleged in plaintiff's petition, and there is now due and unpaid by said defendants on said note, including attorney's fees, the sum of $2,804.52.

"In December, 1901, defendant W. L. McGaughey, wishing to procure an extension of the indebtedness evidenced by said note, and wishing to borrow more money from plaintiff, wrote to plaintiff offering for himself and wife to give a deed of trust on the land here sought to be foreclosed on as consideration for the desired extension and new loan. In this letter said defendant stated that no part of the land which he proposed to mortgage was his homestead; and he enclosed with said letter a duly certified abstract of title to said land, which also showed that there was of record in Hood County no homestead claim against said land. During the progress of said negotiations, George W. Littlefield, president of plaintiff's bank, visited the home of plaintiff in Hood County, and remained there attending to said business and other business for two nights and one day. There is no evidence that Littlefield, while at defendant's home or elsewhere prior to the execution and delivery of said deed of trust ever saw anything or learned from any source anything which put him on notice that the land proposed to be mortgaged was part of the 200 acres which defendants W. L. McGaughey and A. A. McGaughey claimed to be exempt as their homestead. On the contrary, W. L. McGaughey told Littlefield while he was present at the former's home in Hood County, that said land was no part of the 200 acres which he and his wife claimed to be exempt as homestead. There is no evidence that defendant A. A. McGaughey knew prior to the execution and delivery of the said deed of trust in suit of any of the written or verbal declarations made by her husband to Littlefield to the effect that the property that he proposed to embrace in said deed of trust was no part of the 200 acres which they claimed to be exempt as homestead.

"On January 15, 1904, (1903) and while said indebtedness due Silliman was still outstanding and unpaid, defendants W. L. and John D. McGaughey made, executed and delivered to plaintiff their joint and several promissory note for the principal sum of $1,918.20, as alleged in plaintiff's petition, and there is now due and unpaid on said note, including attorney's fees, the sum of $2,333.84. On said date plaintiff

advanced to defendants the money represented by said note and agreed
to extend the time of payment of the first note mentioned above as said
defendants desired, to June 25, 1903. As consideration for this loan
and extension, defendants W. L. and A. A. McGaughey on same date
made, executed and delivered to George W. Littlefield, trustee, their
certain deed of trust as alleged in plaintiff's petition. In this deed of
trust said defendants and each of them recite that neither the land
therein described nor any part thereof is or has ever been or formed
their homestead or any part thereof. The defendant A. A. McGaughey
testified that she did not read said deed of trust before signing same,
and that she did not know at said time that it contained said recital.
But as there is no basis in the pleadings for the admission of this evi-
dence, or evidence tending to show that plaintiff knew at or prior to
the acceptance of said trust deed of her failure to read the instrument,
said evidence has not been considered by me.

"Neither Littlefield nor any other officer or agent of plaintiff ever
examined the records of Hood County prior to advancing said second
loan, and granting the extension on said first note, to defendants and
no such officer or agent had actual knowledge either of the existence
of said homestead designation, or of such deed of trust to Silliman.

"Said second loan of money and said extension of the time of pay-
ment of said first note were granted by plaintiff to defendants on the
faith and full belief by plaintiff's officers and agents in the truth of
defendants W. L. and A. A. McGaughey's representations that they
claimed no part of the land embraced in the deed of trust in suit as
their exempt homestead, and would not have been granted by plaintiff
but for the belief induced by said representations.

"The homestead designation made by defendants W. L. and A. A.
McGaughey in the year 1889 was made for the sole purpose of obtain-
ing the said loan on said 120 acre tract that they did obtain in said
year, and said loan was by them fully paid off and discharged prior to
the year 1895. The recital as to homestead made in the trust deed to
Silliman was made for the sole purpose of obtaining the loan from said
Land Mortgage Bank and said indebtedness was outstanding and un-
paid at the time of the execution of the trust deed in suit.

"*Conclusions of Law.* 1. Plaintiff is entitled to recover of defendants
W. L. and John D. McGaughey judgment for the sum of $5,138.36,
with interest thereon from date at the rate of 10 percent per annum.

"2. When the head of a family is residing on a tract of more than
200 acres of rural land, and subjecting the whole of such tract to uses
which impress it with the homestead character, he has, as a general rule,
the right to determine for himself what particular 200 acres of such
tract shall be exempt from mortgage or forced sale as his homestead.
The limitations on this rule are: (1) This right of designating the
exempt 200 acres can not be so exercised by such head of a family as
to exclude from the exemption his mansion house and the appurtenant
lands and improvements actually and directly used in connection there-
with by himself and family, not exceeding 200 acres, for the purpose
of making same their home; and (2) such head of the family must
exercise said right in good faith and so as to substantially secure to
himself and family the benefit which the exemption law was intended to

give them; he can not use said right of designation for the purpose of a cloak to enable him to evade the law prohibiting the mortgage of his homestead.

"During the negotiations which led up to the loan in suit, and at the date of said loan, defendant W. L. McGaughey and wife were actually residing on and using as their homestead much more than 200 acres of rural land. They in good faith, and with no purpose of evading the homestead law, designated a certain part of said land as no part of their homestead exemption, and mortgaged said part to plaintiff, who for a valuable consideration and on the faith of their representations accepted said mortgage and made the advance of money and extension of credit called for by its terms. The land described in the mortgage did not in fact embrace the mansion house of said defendant, or any of the contiguous land or improvements actually and directly used by them for the purposes of a home. It was no more their homestead than any other part of said land shown on the plat; and there can be doubt of the validity of plaintiff's mortgage thereon, unless same is rendered invalid in whole or in part, either (1) by the designation of homestead executed in 1889 or (2) by the fact that nearly all of the remaining land of said defendants was under mortgage at the date of the execution of the deed of trust to plaintiff.

"It is earnestly insisted by counsel for defendants in argument that the designation of homestead made by defendants W. L. and A. A. McGaughey in 1889 was erroneously admitted in evidence, and should not be considered for any purpose. They say that same was made and placed of record in an entirely independent transaction long before the execution of the deed of trust in suit, and that it is of no legal effect, because not made out and acknowledged as the statute requires. If I could bring myself to agree with this argument of defendants I would have no difficulty in arriving at the conclusion that the deed of trust in suit is valid as to all of the land attempted to be embraced in it. But I can not agree to the soundness of the argument. Whatever may be the formal defects of the designation in question, it certainly amounts to an unequivocal declaration by both defendants W. L. and A. A. McGaughey that in the year 1889 they claimed the 200 acres therein described as their exempt homestead. The fact that this declaration was made at a time when none of their land was encumbered and when they were entirely out of debt affords strong presumptive evidence that it was made in good faith and without intent to evade the homestead law. The further fact that their use and occupation of the designated homestead and of the entire premises shown on the plat remained unchanged in all relevant particulars from the time of the execution of said designation until the date of the execution of the deed of trust in suit, and the fact that they never in any manner attempted to change said designation or to substitute same with a new one, lead me to the conclusion that the 200 acres designated as their homestead in 1889 remained their homestead at the date of the execution of the deed of trust in suit. It is true that they in the meantime had mortgaged part of this same 200 acres, and represented, in order to procure a loan that it was no part of their homestead. But I am unable to see that this action should be regarded as in any degree more effective to change

the boundaries of their actual homestead, previously designated, than would be their declarations to Littlefield, made in the deed of trust to him, to the effect that no part of the land described in the deed of trust to him was homestead.

"I further can not agree to the proposition that as a matter of law the head of a family can not designate mortgaged property as his homestead so long as he has unencumbered land that might be so designated.

"My conclusion is that plaintiff is entitled to a foreclosure of the lien of its deed of trust on all of the land therein described, except such part thereof as is also described in the designation of homestead executed by defendants W. L. and A. A. McGaughey in 1889. As to this latter land, I conclude that plaintiff's alleged lien is void and that a foreclosure should be denied."

*Opinion.* The findings of fact of the court below are supported by the evidence contained in the record, and its conclusions of law, in view of such findings of fact, are correct, and we adopt such findings of fact and conclusions of law.

We do not construe the holding of the court below that the land described in the designation of homestead made by W. L. McGaughey and appellant in 1889, was the homestead of appellant and her husband at the date of the execution of the deed of trust sued on in this case as an adjudication that said designation was binding upon appellant and her husband as a statutory designation of their homestead at the date of the execution of said deed of trust; but we regard such holding as the judgment of the court below, based upon and authorized by the act of her husband and appellant designating said land as their homestead in 1889, and their use and enjoyment of same at the time as their homestead, and their acts and declarations subsequent thereto and up to the date of the execution of the deed of trust involved in this suit, consistent with and tending to show a continuation of the use and enjoyment of said land as their homestead, as shown by the evidence adduced upon the trial. The evidence in the record does not show a designation of a homestead by W. L. McGaughey and appellant at the time of executing the deed of trust to Silliman. That deed of trust simply recites, "the land herein conveyed aggregates 470 acres, save and except about 40 acres reserved to make the full complement of 200 acres homestead." This recital not attempting to in any manner describe the 200 acre homestead, nor even locate the 40 acres thereof stated to be included in the land conveyed by the deed of trust, evidently was given little thought, and deemed of no material importance, and should not be permitted to affect a designation evidently deliberately made; as the land intended to be made the homestead by the designation of 1889 is properly described, and the instrument designating same is signed and sworn to by both husband and wife; and especially in view of the acts and declarations of the husband testified to by appellee, tending to show that the land embraced in the deed of trust sued upon was not his homestead. In our opinion, the testimony was sufficient to warrant the court below in holding that the husband W. L. McGaughey had, in good faith, impressed with the homestead character the land described in the designation of 1889. This he could do without the knowledge

of the wife. (Brin v. Anderson, 60 S. W., 778; Evans v. Daniel, 60 S. W. Rep., 1012; Freeman v. Hamblin, 1 Texas Civ. App., 163; Holliman v. Smith, 39 Texas, 362.)

What is said above disposes of appellant's first, fourth and fifth assignments of error.

Appellant's second, third and sixth assignments of error contend that the court below erred in holding that W. L. McGaughey had the right to designate his homestead on mortgaged land, notwithstanding he owned at the time 200 acres of land unencumbered. The law authorizes a homestead to be designated upon mortgaged land. (Wheatley v. Griffin, 60 Texas, 211; Swearingen v. Bassett, 65 Texas, 273; Thompson on Homesteads, sec. 170.) The question as to whether W. L. McGaughey designated his homestead upon mortgaged land in good faith was one of fact for the determination of the court below, and its finding the same in the affirmative is supported by the evidence. The evidence shows that the 470 acres embraced in the deed of trust to Silliman, which included the 200 acre homestead, as designated in 1889, were worth from $30 to $45 per acre. Hence, 270 acres at this valuation would be worth from three to six times the amount of the debt.

We overrule appellant's seventh assignment of error. The finding of fact complained of in this assignment of error is amply supported by the evidence contained in the record. It appears from the evidence that the house in which defendants resided at and prior to the execution of the deed of trust sued upon was on a separate tract of land from the 630 acres made up of the several tracts. The tract on which the house and necessary outbuildings were located adjoined the 151 acre tract on the west, and this tract only touched the tract conveyed by the deed of trust at its southwest corner. When the loan was applied for, defendants W. L. McGaughey and John D. McGaughey wrote to plaintiff that the land offered as security was not a part of their homestead, that they owned about 600 acres of land in excess of this on which their homestead was located. They furnished an abstract of title in which it was certified that there was no homestead claim upon the 160 acres offered as security. George W. Littlefield testified that W. L. McGaughey told him that the land offered was no part of his homestead, that his homestead lay back out there towards the field, the land that he cultivated. This testimony we think sufficient to support the finding of the court complained of.

Appellant's eighth assignment of error is not well taken. We are of the opinion that the certified copy of the homestead designation made in 1889 by W. L. McGaughey and appellant, and the two letters written by W. L. McGaughey and son to George W. Littlefield, were properly admitted in evidence. We think the substance of a proper acknowledgment for record is embodied in the instrument of designation itself, which is sufficient to admit same to record. The husband having the right to designate the homestead, it was not necessary for the wife to join in the instrument designating same, nor to acknowledge the same (Rev. Civ. Stat., art. 2403-5; Brin v. Anderson, 60 S. W. Rep., 780; Brownson v. Scanlon, 59 Texas, 229; Beaumont Pasture Co. v. Smith, 65 Texas, 457; Thurmond v. Brownson, 69 Texas, 597; Butler v. Brown, 77 Texas, 342; Monroe v. Arledge, 23 Texas, 478.)

However, it was proven on the trial by the testimony of defendants W. L. and A. A. McGaughey that they executed the instrument which, in view of the pleadings and the fact that notice had been given them to produce the original, would authorize the admission of the copy. The two letters of W. L. McGaughey and son were admissible in evidence as admissions of W. L. McGaughey tending to show the particular land designated by him as his homestead out of the larger tract, he having this authority.

We overrule appellant's ninth assignment of error for the reasons already stated; and the further reason that, if it be true that appellant signed the deed of trust sued on without knowing that it contained the recital that the land conveyed was not the homestead of herself and husband, she can not avail herself of such fact in this suit, because she has not alleged mutual mistake or fraud in the execution or procurement of the execution of said deed of trust. (Scottish-Am. Mortgage Co. v. Scripture, 40 S. W. Rep., 210; Moerlein v. Investment Co., 9 Texas Civ. App., 415.)

Appellant's tenth assignment of error contends that the court erred in refusing to consider the testimony of A. A. McGaughey, to the effect that at the time she signed the deed of trust to the plaintiff, she had not read or had read to her said instrument, and that she did not know that it contained a clause stating that no part of said land had ever been or was not now any part of her homestead, or she would not have signed the same. As already indicated, we are of opinion that the court below was justified in refusing to consider said testimony upon the ground that there was no basis for the admission of the same in appellant's pleadings; and we are of opinion that the court was also warranted by the evidence in finding as a fact that plaintiff did not know at or prior to the acceptance of the trust deed that appellant did not read the instrument or did not know of its contents. In order to avoid the effect of the instrument, appellant would be required to plead and prove mutual mistake in its execution, or fraud in its procurement; and knowledge of such facts upon the part of plaintiff would also be required to be shown.

What has already been said disposes of appellant's eleventh assignment of error.

Appellee, by a cross assignment of error, contends that the court below erred in excepting from the operation of the lien of the deed of trust sued on the 50 acres on the south end of the 160 acre tract conveyed by said deed of trust. and in refusing to give judgment for plaintiff foreclosing the lien upon the entire tract. We are not prepared to say that the court below was without evidence to support its finding that this 50 acre tract on the south end of the 160 acre tract, was a part of appellant's homestead at the date of the execution of the deed of trust, and at that time being occupied, used and enjoyed by her and her husband as a part of their homestead. If at the time the deed of trust was executed this tract was in the actual possession of appellant and her husband and then being used as a part of their homestead designated previously to that time out of a larger tract, the recital in the deed of trust that it was not so used would not estop appellant from claiming same as a part of the homestead. (Texas Land & Loan Co. v. Blalock,

76 Texas, 85; Building & L. Assn. v. Guillenot, 15 Texas Civ. App., 650; Freeman v. Hamblin, supra.) We think the fact that W. L. McGaughey and appellant in 1889 made a designation of their homestead, which included the 50 acres above mentioned, and placed same upon record, and the fact that since that time and up to the date of the execution of the deed of trust sued upon, they had occupied, used and enjoyed said 50 acres in a manner consistent with its being a part of their homestead; and the fact that said 50 acres adjoins the residence and outbuildings occupied and used by appellant and her husband at the date of the execution of said deed of trust, constitute evidence supporting the idea that at the date of the execution of said deed of trust, appellant and her husband were in the actual possession of and using and enjoying said 50 acres as a part of their homestead. Hence we overrule appellee's cross assignment of error.

Finding no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.