## GLENN v. MILLER.

### No. 8250.

Court of Civil Appeals of Texas. Austin.
April 10, 1935.

Rehearing Denied May 1, 1935.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for plaintiff in error.

Lockhart & Brown, of Lubbock, for defendant in error.

BLAIR, Justice.

As concerns this appeal, appellant H. C. Glenn, receiver for Temple Trust Company, sued appellee, Mrs. Minnie B. Miller, a widow, to recover the amount due on a $2,500 note executed to Temple Trust Company by appellee and her husband during his lifetime, and to foreclose a mortgage lien given to secure the debt on certain separate property of appellee. As defense appellee plead her coverture against personal liability on the note, and plead that the mortgage lien was void because the property was homestead at the time of and since the execution of the mortgage. Appellant plead estoppel to plead homestead, because by written application for the loan appellee and her husband stated under oath that same was not their homestead, and designated other separate property of appellee in Lubbock as being their homestead. That in the deed of trust given to secure the debt appellee and her husband also stated under oath that the property was not homestead, and designated the other property as homestead; and affiants further stated that the property in question was then occupied by their tenant, Andy Thompson, who also made affidavit that he was occupying the premises as tenant of the Millers. That appellee and her husband also orally represented that the property was not their homestead, and that in the premises stated appellee was estopped to assert the homestead character of the property, and that to permit her to do so would perpetrate a fraud upon appellant. On the homestead issue appellee alleged and proved in substance as follows:

That the property on which the mortgage was given was the separate property of appellee and was located in the city of Lubbock. That prior to her marriage to Miller appellee was a widow and occupied the property as her homestead; and that after her marriage to Miller they occupied the property as their homestead. That Miller was a cotton broker and needed money in his business, and that he and T. B. Duggan, the vice president and agent of appellant, approached appellee with the proposition of making the loan. That appellee protested, stating that the property was her homestead; but that finally upon the insistence of her husband and Duggan she agreed to the loan. That T. B. Duggan personally handled all the details of making the loan, and drew all papers in connection with it. That when appellee stated that the property was her homestead, Duggan suggested that the loan could be made if

she and her husband would move from the premises for thirty or sixty days, until the note and mortgage could be executed, then they might return to the property. That in accordance with this suggestion and with the distinct understanding with Duggan that the homestead was not being surrendered, appellee and her husband moved to another residence owned by appellee in Lubbock, and rented the premises in question to Thompson. That she and her husband executed the written instruments in connection with the loan more than thirty days after they had moved from the premises. That appellee never intended to abandon her homestead, but that she and her husband intended at all times to move back into the premises after the loan was completed, which fact was fully known to Duggan, the vice president and agent of appellant; and that some thirty-one months after the loan was completed, appellee returned to the premises, and has ever since used them as her homestead.

Appellant introduced the various written instruments executed in connection with the loan, wherein appellee and her husband stated under oath that the property in question was not homestead, and designated the other property as homestead; and Duggan testified that he knew nothing of the homestead character of the property at the time he made the loan, but investigated and knew that appellee and her husband were living in the residence designated by them as their homestead at the time the loan was made; and that the loan was made in reliance upon these facts.

A trial to the jury on special issues resulted in findings: (1) That prior to the execution of the mortgage sued on, it was agreed between Duggan and appellee that she would move out of the premises in question until the note and mortgage could be executed, and then move back into the premises; (2) that appellee and her husband at the time they executed the note and mortgage intended to return to the house in question for the purpose of living in the same as their home. Judgment was accordingly rendered that appellant take nothing by its suit on the note and mortgage, and that the same be canceled as a cloud upon appellee's title; hence this appeal.

Appellant contends that since the undisputed evidence showed appellee not to have been in possession of the premises, and since she and her husband had by the various instruments executed by them in connection with the loan stated under oath that the premises were not homestead, and had under oath designated other property in which they were living as their homestead, that the case comes clearly within the principles governing estoppel, citing particularly the cases of Wootton v. Jones (Tex. Civ. App.) 286 S. W. 680, 687, and Llewellyn v. First Nat. Bank (Tex. Civ. App.) 265 S. W. 222, 223, in which it was held that, "where the husband and wife have moved away from the property, and its homestead character is preserved solely by their intention to return to it, they may estop themselves from asserting their homestead interest by representations made for the purpose of procuring a loan, to the effect that the property is no longer their homestead; the lender in such case believing such representations to be true, and relying upon them in making the loan and taking a lien upon the homestead property as security."

The rule stated has no application under the facts found by the jury in the instant case. That is, the jury found upon conflicting but sufficient testimony that appellee and her husband, at the time she executed the note and mortgage in suit, intended thereafter to return to the property for the purpose of living in same as a home; and that prior to the execution of the note and mortgage it was agreed between Duggan, the active vice president and agent of appellant, and appellee that she would move from the premises until the note and mortgage could be executed, and to then return to the premises. Thus the issues of estoppel or abandonment were resolved in favor of appellee.

It is the settled rule that: "If, prior to the execution of the mortgage or deed of trust, the mortgagee had actual knowledge that the premises had been occupied in circumstances establishing the claim of homestead, he is not entitled to prevail upon proof merely that the claimant disclaimed the existence of homestead rights in the land, stating that he had ceased to use or occupy the property or that he had removed therefrom." 22 Tex. Jur. 187; Knowles v. Waddell Inv. Co. (Tex. Civ. App.) 280 S. W. 885. This rule is "in accordance with the rule that estoppel cannot be based upon representations, ' standing alone" (22 Tex. Jur. 189), and that each homestead case is to be viewed in the light of that which the mortgagee actually knew 'or might have known. City Central Bank & Trust Co. v. Byrne (Tex. Civ. App.) 47 S. W.(2d) 432, writ refused. In brief, the

jury findings in the instant case establish a mere subterfuge agreed to by the lender, to evade the homestead law, and the affidavits or statements made by appellee and her husband contrary to the homestead claim are of no force and effect, since the Constitution (article 16, § 50) forbids the fixing on the homestead of a lien other than those that are expressly permitted under the terms of the Constitution. Black v. Boyer (Tex. Civ. App.) 21 S.W.(2d) 1094. And since appellant knew, notwithstanding the removal from the premises and the disclaimer of homestead, that the claim of homestead right existed, it is not entitled to prevail, because it could not have relied upon the homestead claimant's contrary statements. Davidson v. Jefferson (Tex. Civ. App.) 68 S. W. 822.

The judgment of the trial court will be affirmed.

Affirmed.