### GIBRALTAR SAV. & BLDG. ASS'N v. COLLIER et al.

### No. 10600.

Court of Civil Appeals of Texas. Galveston.

May 5, 1938.

Rehearing Denied July 7, 1938.

W. R. Brown, of Temple, and A. W. Baring, T. J. O'Brien, and Edgar Monteith, all of Houston (Edgar Monteith, of Houston, of counsel), for appellant.

Thomas D. Anderson, of Houston, and Sam D. Snodgrass, of Temple, for appellees.

GRAVES, Justice.

This cause was a suit by the appellant, Building Association, against the appellees, G. M. Collier and children, called "the Colliers"—their mother having died meanwhile—for recovery upon a $5,000 note executed in its favor by G. M. Collier and wife on May 1 of 1928, together with foreclosure of a contemporaneous deed-of-trust lien given by them to secure the note on three lots of land in the City of Temple; the Colliers defended on the ground that the property had been their homestead under occupancy by them as such at the time of the execution of the note and lien, wherefore, the declared-upon lien was null and void; the Association, in rebuttal, fully asserted an estoppel upon the Colliers' part to assert or avail themselves of such a homestead claim, setting out in detail transactions between the parties at that time, which it alleged removed all basis for such claimed defense; the trial court, after a full hearing, submitted issues of fact to a jury, which, together with the answers thereto, were these:

"Special Issue No. 1.

"Do you find from a preponderance of the evidence that G. M. Collier and family were occupying, as their homestead, the house located on Lots 1, 2 and 3, Block 18, of the original town of Temple (referred to in the evidence as 315 West Central Avenue) at the time G. M. Collier and

Cordelia V. Collier signed and acknowledged the deed of trust sued on by plaintiff?"

Answer: "We do".

"Special Issue No. 2.

"Do you find from a preponderance of the evidence that at the time of the execution by G M. Collier and wife, Cordelia V. Collier, of the note and deed of trust, G. M. Collier and wife were also in possession of and using the Fifth Street property in a way calculated to produce in the minds of plaintiff association's agents and representatives the impression that the Fifth Street property was their homestead?"

Answer: "We do".

"Special Issue No. 3.

"Do you find from a preponderance of the evidence that at the time of and prior to the execution of the note and deed of trust in question G. M. Collier and wife represented to the agents and representatives of plaintiff association that they had abandoned the West Central Avenue property as their homestead and that they owned and had moved into and were using the Fifth Street property as their homestead?"

Answer: "We do".

"Special Issue No. 4.

"Do you find from a preponderance of the evidence that the agents and representatives of the plaintiff association prior to the execution of the note and deed of trust believed such representations to be true?"

Answer: "We do".

"Special Issue No. 5.

"Do you find from a preponderance of the evidence that the agents and representatives of plaintiff association relied on such representations?"

Answer: "We do".

The parties thereupon each made motions for judgment in their own favor upon this verdict, neither having moved for judgment notwithstanding it, as prescribed in R.S. Article 2211, Vernon's Ann.Civ.St. art. 2211, whereupon the trial court refused such motion of the appellant and granted that of the appellees, denying appellant any foreclosure upon the property, but according it a personal judgment against G. M. Collier for the ascertained debt of $6,219.40.

So that, the one issue of law presented to this court is whether or not the trial court erred in so entering judgment upon the verdict returned, the appellees' procedural objections advanced here not being thought to be well taken.

■ Because of this character of their motions, both parties thus stand upon the verdict and in effect affirm the sufficiency of the evidence to sustain each and all of its constituent findings; therefore, it must be assumed that there was no lack of support for anyone of them; indeed, their differing contentions here simply are these: The appellant, on the one hand, urges that the findings under issues 2 to 5 inclusive, rendered immaterial the one under issue No. 1 that the borrowers were occupying the security as their home, while, in turn, the appellees maintain that such finding under No. 1 alone foreclosed the controversy in their favor, hence the trial court was fully justified in treating the further findings under issues 2 to 5, inclusive, as wholly immaterial—which it did do—and as a consequence adjudged the deed-of-trust lien to have been void.

■ After careful consideration of the record, the briefs, and the arguments of able counsel, this court sustains appellant's proposition No. 1, submitted as sustaining its view, as follows:

"Where, as in this case, applicants for a loan secured by real estate, who own two separate and distinct pieces of real property, each suitably improved and furnished for occupancy by applicants as a home, concealed from lender the occupancy of the security offered in such a way that the occupancy thereof was not open, visible and exclusive, applicants being also in possession of and using the designated property as a home when inspected by lender; and where applicants also made written declarations under oath that they had moved from and abandoned the security offered as their homestead, and that they had moved into the designated property where they now reside and which they intended henceforth to use and claim as their homestead; and where their written representations and their own acts and conduct were consistent with tangible facts found to exist upon investigation by lender; and where the jury, in response to special issues, found:

"1. That the borrowers were occupying the security as their homestead at the time the loan papers were signed;

"2. But where the jury also found in response to special issues submitting lender's plea of estoppel that borrowers were also in possession of and using the designated property in a way calculated to produce in the

minds of the lender's representatives the impression that the designated property was their homestead;

"3. That borrowers represented to lender that they had abandoned the property offered as security as their homestead and had moved into and were using the designated property as their homestead;

"4. That lender believed such representations, and

"5. Acted· upon such representations, such jury findings sustain lender's estoppel plea, rendering immaterial the finding that the borrowers were occupying the security, as their home, and the court erred in not rendering judgment establishing and foreclosing the lien on the security."

These authorities are thought to fully support this conclusion: "Texas Homesteads and Other Exemptions", by Wm. H. Nunn, page 85, sec. 32; Parrish v. Hawes, 95 Tex. 185, 66 S.W. 209; McGaughey v. American National Bank, 41 Tex.Civ.App. 191, 92 S.W. 1003; Hurt v. Cooper, 63 Tex. 362; Standard Savings & Loan Ass'n v. Fitts, 120 Tex. 303, 39 S.W.2d 25; Pickett v. Dallas Trust & Savings Bank, Tex.Com. App., 24 S.W.2d 354; First State Bank v. Thurman, Tex.Com.App., 12 S.W.2d 146; American State Bank & Trust Co. v. Johnston, Tex.Civ.App., 58 S.W.2d 880, writ of error refused; Dallas Bldg. & Loan Ass'n v. Patterson, Tex.Civ.App., 48 S.W.2d 657, writ of error refused; Alexander v. Wilson, 124 Tex. 392, 77 S.W.2d 873.

The leading authorities cited by appellees are these: Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S.W. 12; Gibraltar Savings & Building Ass'n v. Harper, Tex.Civ.App., 41 S.W.2d 130; City Central Bank & Trust Co. v. Byrne, Tex.Civ.App., 47 S.W.2d 432, 433; Glenn v. Miller, Tex. Civ.App., 82 S.W.2d 167; Seidemann v. New Braunfels State Bank, Tex.Civ.App., 75 S.W.2d 167.

It is thought no one of the five cases thus relied on by the appellees is controlling in their favor, but that each and all of them applied to states of fact that may be distinguished from those obtaining here, especially the leading one of Texas Land & Loan Co. v. Blalock; the jury findings in this instance—under conclusive if not undisputed testimony—in the answers to the other issues than No. 1 are clearly inconsistent with and contradictory of the existence of that "exclusive, visible, and unambiguous" possession of the mortgage

security found to have existed in the Blalock Case; furthermore, the estoppel in the case at bar did not rest alone upon the declarations made by the borrowers, but here the facts respecting the two places were such that the homestead character might have attached to either, according as the head of the family intended, hence the undisputed declarations of G. M. Collier and his wife that the Fifth Street property was their homestead estopped him and his children from disputing the truth of these declarations at the late date of this trial. Greer v. Franklin Life Ins. Co., Tex. Civ.App., 109 S.W.2d 305. See, also, Parrish v. Hawes, 95 Tex. 185, 66 S.W. 209; Ran v. City National Bank, Tex.Civ.App., 272 S.W. 510; Carstens v. Landrum, Tex. Com.App., 17 S.W.2d 803; Purdy v. Grove, Tex.Civ.App., 35 S.W.2d 1078; Blanks v. First National Bank, Tex.Civ.App., 44 S.W. 2d 393.

It follows that the trial court's judgment, in so far as it denied the foreclosure as prayed for by the appellant, should be reversed, and that such foreclosure as against all of the appellees should be here rendered in its favor, the award of the money judgment against G. M. Collier remaining undisturbed; it will be so ordered.

Reversed and rendered.

PLEASANTS, C. J., absent.