**BLAKE v. FULLER et al.**

**No. 13579.**

Court of Civil Appeals of Texas. Dallas.

Nov. 24, 1944.

E. P. Price, of Tyler, for appellant.

Wynne & Wynne, of Wills Point, for appellees.

BOND, Chief Justice.

The facts in this case are undisputed; the only question for decision is the validity of an administration sale of 91 undivided acres of land in a tract of 160 acres, without first having the probate court segregate and designate the homestead for the surviving widow and children of Lincoln Kennedy, deceased.

In 1936 Lincoln Kennedy died intestate, leaving surviving his wife, Texana Kennedy, and a number of children and grandchildren, named in plaintiff's petition, as his sole and only heirs at law; and an estate of 291 acres of land in Van Zandt County, Texas. For more than thirty years prior to his death, the deceased and his wife lived on the 291 acres, using and enjoying the whole of it in a manner which impressed it with homestead character; and, after the death of Lincoln, his wife continued the use and occupancy of the premises as her homestead. Her use and occupancy has remained unchanged in all relevant particulars. The 291 acres consist of two contiguous tracts, one of 131 acres and the other of 160 acres, separated only by a public road. The mansion house, outhouses, barns, a store building, and all other improvements, other than a small structure (cotton pen) on the 160 acre tract, were located on the 131 acres. This tract and about 40 acres of the 160 acres were in cultivation; the balance woodland, used for pasture and other domestic purposes by the family.

On March 30, 1921, Lincoln Kennedy and wife made, executed and caused to be recorded in the Deed Records of Van Zandt County, a written instrument, duly acknowledged, setting aside and designating their homestead on the 291 acres of their land, particularly describing their homestead as the 131 acre tract and "enough of the land out of the 160 acres * * * to make 200 acres in all reserved as a homestead; * * *"; otherwise the part out of the 160 acre tract was not specifically described. This designation of their homestead was never in any manner set aside, changed, or substituted with a new one.

At the time of Lincoln Kennedy's death he was indebted to appellant, H. G. Blake, in the sum of $155.57, and delinquent state and county taxes on the land; and, to effect payment of his indebtedness, Mr. Blake sought to subject the 91 acres, in excess over the homestead set apart and designated by the deceased in 1921, out of the 160 acre tract, through administration on the estate of Lincoln Kennedy. An administrator was duly appointed, Mr. Blake's claim presented and approved by the Probate Court of Van Zandt County, as an unsecured claim against the estate; in due order, the 91 acres were sold and administrator's deed executed to H. G. Blake, the purchaser, designating the land sold as 91 acres, more or less, out of the 160 acre tract, and being "all of said 160 acre tract save and except 69 acres to make up the homestead complement of 200 acres in the homestead designation of L. Kennedy and wife, Rec. in Vol. 31, p. 309 Deed Records of Van Zandt County, Texas." On this deed appellant based his suit for title and partition.

It is conceded that the surviving wife of Lincoln Kennedy was entitled to 200 acre homestead out of the 291 acres of land owned by the deceased at the time of his death, and that she and the children inherited such homestead free of all debts due and owing by the deceased other than the taxes thereon; and that the probate court was without jurisdiction to administer upon such homestead and direct its sale, or any part thereof, for payment of debts due general creditors of the deceased.

Sections 50 and 51, Art. 16, State Constitution, Vernon's Ann.St., provide for the homestead exemption of a family. Section 50 creates the exemption; section 51 limits the rural homestead to 200 acres; section 52 gives the surviving spouse the right of occupancy of the homestead during life. The homestead of the family is initiated by dedication thereof by the head

of the family, or set aside to the surviving wife and children by the probate court. Dedication of a rural homestead is accomplished by occupancy thereof by the head of the family as a place of residence, and the use thereof for the support of the family. Arts. 3841–3859, Vernon's Ann.Civ.St., govern the voluntary designation. Under these articles the head of the family has a right to designate any particular two hundred acres as a homestead, out of a larger tract or tracts of land; and, where the homestead has been designated, the excess of such tract or tracts over and above the homestead exemption, is subject to partition from such homestead, and sale under proper orders of a court having jurisdiction. If the owner of a homestead has failed to designate and set same aside, he, nevertheless may still have the right of homestead exemption.

▆▆▆ It is elementary, we think, that where a rural homestead is established on a tract of land in excess of 200 acres, that the sale of the excess does not affect the homestead rights in the retained land; and, where the head of a family is residing on a tract of more than 200 acres, subjecting the whole of such tract to uses which impress it with the homestead character, he has the right to determine and designate the particular 200 acres as his homestead, provided that in so doing, the 200 acres so designated shall include his mansion house and the appurtenant lands and improvements actually and directly used in connection therewith by himself and family for the purpose of making same their home; and that, in exercising his right of designation, he acts in good faith so as to substantially secure to himself and family the benefits which the Constitution intended to give them. McGaughey et al. v. American Nat. Bank, 41 Tex.Civ.App. 191, 92 S.W. 1003, writ denied. Where the husband and wife have so designated and occupied the rural homestead, and the wife, after the husband's death, continuously used and asserted homestead rights therein, on sale of the excess, the wife would have a right to again set aside the homestead as designated by them, or change, alter and substitute the designation for another. The law does not require the homestead designation to be in any particular form, or that the owners may not change the designation when once made. The right of selection necessarily means the right to take such, and describe such as the owner may desire. Shippey et al. v.

Hough, 19 Tex.Civ.App. 596, 47 S.W. 672, writ refused. "The purpose and effect of the statute in allowing the written designation to be made in good faith out of a larger tract, a particular tract or tracts, actually used and impressed with the homestead character, is to fix and locate the homestead within the boundaries of the lands so designated, and to exclude the other lands not so designated from the operation of the homestead claim." Smith v. Van Slyke, Tex.Civ.App., 139 S.W. 619, 621; "* * * While the instrument designating the homestead is required by the statute to contain a description of the property, specifying metes and bounds and other facts, it seems that a failure to conform to the statutory requirement in this respect does not render ineffectual a mortgage or deed of trust on the part of the land in excess of two hundred acres." 22 T.J. 211, Sec. 148. The designation is intended to exclude 200 acres from forced sale, and to allocate the excess unincumbered with homestead claim. The designation instrument here in evidence, definitely sets out the 131 acres by metes and bounds, and the complement remainder "enough land out of the 160 acres * * * to make 200 acres in all reserved as a homestead." We think it is clear that Lincoln Kennedy and wife sufficiently described the land reserved for their homestead, leaving an undivided portion free of such claim, and subject to forced sale. So, on the death of Lincoln, this homestead as formerly designated, not having been in any manner changed, set aside or substituted with another, all rights therein continued in his wife by virtue of Sec. 52, Art. 16, Constitution.

▆▆▆ In the administration proceedings and sale of the 91 acres to Blake, the probate court acknowledged the homestead as Lincoln and wife designated it in 1921. Otherwise the probate court exercised no jurisdiction to administer on Lincoln's estate, or in any manner change, alter, or substitute the homestead inherited by his wife with another. The homestead passed to the surviving wife and children free from debts due to general creditors. Any decree of the probate court ordering and approving sale of a designated homestead for payment of general debts of the husband's estate, would have been void (Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 638, 66 A.L.R. 916); and any attempt to change, alter, or substitute the owners' homestead as made by them in manner of law (Art. 3841 et seq.), without their petition, knowl-

edge or consent, would also have been void; thus deciding, the 91 acres outside of the owners' designation was subject to the jurisdiction of the probate court and to be administered upon for the payment of debts due general creditors.

The orders of the probate court, directing and approving the sale of the 91 acres to Blake, having expressly reserved the 131 acres and 69 acres out of the 160 acre tract, making up the homestead complement of 200 acres, to the heirs of Lincoln Kennedy as their inherited homestead, this 91 acre excess thereby passed to the purchaser, and subject to be partitioned with the joint owners of the 69 acres impressed with the homestead.

On the related record, appellant instituted this suit in the District Court of Van Zandt County, Texas, against appellees, heirs of Lincoln Kennedy, deceased, for title to the 91 acres, more or less, in the 160 acre tract specifically described; and for partition with the heirs with respect to their homestead rights therein. The trial was to the court without a jury, and judgment entered denying appellant's right to title and partition, on the ground that the homestead had not, before sale of the 91 acres, been set aside to the surviving heirs by the probate court in administration; hence the sale was void. We are not in accord with the holding of the trial court.

Where husband and wife designate and occupy 200 acres of land as their homestead, and, at and after the husband's death, the wife continuously occupied the designated 200 acres, she, in effect, asserted her homestead rights therein, excluding therefrom the balance of the land owned by them for payment of debts due and owing by the deceased spouse. The mere fact that a small portion located on an isolated tract is designated and described as an undivided 69 acres therein, or "enough land * * * to make 200 acres in all reserved as a homestead," does not vitiate the designation as to deny administration over the undivided excess. The wife inherited the homestead, as designated and described by her husband; and where, after his death, she has not changed or altered the designation, and has not selected another, it must be presumed that she was satisfied with the designation, and that the balance might be sold to satisfy lien or claims legally chargeable against her husband's estate. The hus-

band, under the Constitution and the laws of this state, had the legal right to select the family homestead, and his selection was for the benefit of the family. His wife and children inherited that homestead, and their inherited rights therein continued so long as they elected to use and occupy it as their homestead. Korn v. Korn, Tex.Com.App., 15 S.W.2d 1017. The law makes provision for the probate court to set aside exempt property for the use and benefit of the widow and children remaining with the family (Art. 3485, R.S.); but where the exempt property—homestead—has been set aside and designated by the head of the family, such homestead is not subject to administration; and where the probate court expressly reserves the homestead to the heirs of the deceased, no further designation is required by the probate court. The right to select and designate the rural homestead, means the right to take such as may be desired, only limited to 200 acres, and to include the living quarters and contiguous lands used in connection therewith. The probate court could do no more, or order any less. No question having been raised as to the regularity of the designation, or the administration sale, we are of the opinion that appellant acquired title to the undivided 91 acres, more or less, excess in the 160 acre tract; and, the heirs having failed, or refused, to further designate the homestead, the 91 acres are subject to partition with appellees' title and inherited homestead rights in the 69 acres of the 160 acre tract of land.

Therefore, the judgment of the court below is reversed, and cause remanded with instruction that the trial court enter judgment for title in favor of appellant to an undivided 91 acres, more or less, of the 160 acres described in plaintiff's petition; and determine title and the pro rata interest of the respective appellees, in and to 69 acres of said land; appoint commissioners to partition the land with due respect to the heirs' homestead rights, and to set aside 69 acres thereof to appellees located in a manner as they, or their attorneys of record, may petition; or, in the event no petition for division is made, then the commissioners set aside to the heirs 69 acres as shall be most convenient and advantageous to the 131 acres comprising the homestead; and set aside the remaining 91 acres, more or less, to appellant. Costs in this appeal are taxed against appellees; costs in the court below prorated between appellant and appellees in proportion to the

interest owned by and set aside to each of the claimants to the land partitioned.

Reversed and rendered in part; reversed and remanded in part with instruction.