## MRS. T. M. PICKETT ET AL. v. J. W. GLEED.

### Decided April 12, 1905.

**1.—Homestead—Designation—Mortgage.**

The validity of a designation of the homestead, made at the time a mort-. gage of other lands was executed, is not affected by the fact that such designation was planned, prepared and executed at the instance of the mortgagee, where all the land embraced was used at the time for homestead purposes, and no fraud is shown on the part of the lender as against the husband, or on the part of either or both as against the wife.

**2.—Same—Fraud—Pleading.**

Fraud in the designation could not be proven in order to defeat the mortgage where the fraud was not pleaded.

**3.—Same—Designation by Husband Alone.**

As the head of the family the husband may set apart the homestead, and it is not essential to the validity of such designation that it be signed by the wife, or even that, in the absence of fraud, it be assented to or concurred in by her.

**4.—Same—Homestead Use—Revenue.**

One who owns 500 acres of land, all of which is used for homestead purposes, has the right to designate for the homestead any 200 acres thereof, though the use of the part designated be a mere convenience and it produces little or no revenue.

**5.—Same—Mortgage Foreclosure—Defense of Homestead.**

In an action to foreclose a mortgage wherein the homestead right was set up in defense and in reply plaintiff pleaded in estoppel a designation of the homestead at the time of the loan, it was not essential to the validity of the mortgage that there should have been a written application for the loan, or that such application should contain a description or field notes of the land to be mortgaged, and hence proof that a description and field notes were pasted to the application after the husband had signed and sworn to it was irrelevant and inadmissible.

Appeal from the District Court of Bosque. Tried below before Hon. Nelson Phillips, Special Judge.

*Robertson & Robertson,* for appellants.—The right of the head of the family to designate which 200 acres of a large tract, is used, occupied and claimed as the homestead, does not carry with it the right to change the true homestead, neither can he do so in fraud of the rights of the wife nor for the purpose of in any manner evading the constitutional provisions prohibiting the giving of liens upon homesteads,

but he must act in perfect good faith.  Medlenka v. Downing, 59 Texas, 40; Land Co. v. Blalock, 76 Texas, 85; Affloeck v. Wangerman, 93 Texas, 351; Brin v. Anderson, 60 S. W. Rep., 778; Cervenka v. Dyches, 32 S. W. Rep., 321; Building Association v. Guillmet, 15 Texas Civ. App., 653.

The well from which the Pickett family obtained all of their drinking and stock water, and the garden from which they supplied their table, being located about the center of the 150 acre tract and in the middle of the farm, were such as in law fixed the homestead as being in part made up by this 150 acre tract, and no designation of homestead to the contrary, however made, could ever be valid.  Land Co. v. Blalock, 76 Texas, 80; Brin v. Anderson, 60 S. W. Rep., 778; Affloeck v. Wangerman, 93 Texas, 351; Railway Co. v. Winters, 44 Texas, 597.

*Wm. M. Knight,* for appellee.—Where several tracts of land aggregating over two hundred acres are used for the purposes of a home, the head of the family has a right to designate any two hundred acres thereof which are so used at that time, of course including the residence, barns, lots, etc., although the two hundred acres designated may be used for convenience and may produce little or no revenue.  Rev. Stats., art. 2403; Affleck v. Wangeman, 55 S. W. Rep., 312; Hunter v. Kelley, 60 S. W. Rep., 890; Anderson v. Brin, 73 S. W. Rep., 838; Same case, 60 S. W. Rep., 778; Anderson v. Sessions, 51 S. W. Rep., 874; Arto v. Maydole, 54 Texas, 247; Axer v. Bassett, 63 Texas, 545; Brooks v. Chatham, 57 Texas, 33; Am. Freehold Land Mtg. Co. v. Dulock, 67 S. W. Rep., 172.

NEILL, ASSOCIATE JUSTICE.—This is the second appeal in this case, the former one being by the appellee from a judgment against him in favor of the present appellants.  The opinion on the other appeal is reported in 68 S. W. Rep., 192, where the nature of the case is fully stated and, for that reason, need not be reiterated.  Suffice it to say that it was brought by appellee against appellants, the widow and children of Joseph Pickett, deceased, to foreclose a mortgage lien on certain lands executed by decedent to secure a certain promissory note for $2,500, and interest coupons made by Joseph Pickett to the Lombard Investment Company on the 23d day of October, 1890, and payable on the 1st day of November, 1895; that defendants answered by claiming that one hundred and twelve acres of the land included in the mortgage constituted a part of the homestead of Pickett and family when the mortgage was made.  In reply to their plea of homestead, appellee plead matters in estoppel, averring the use for homestead purposes and designation by Pickett and wife of two hundred acres of lands, upon which were situated their domicile outhouses and appurtenances, other than the land upon which the mortgage was given, and of their sworn statement in the application for the loan, as well as recitals in the mortgage that the land so designated was their homestead and that no part of the land mortgaged was, and that the money for which the note sued on was given was loaned by the investment company to Pickett upon the faith and belief of the truth of such designation, sworn statement and recitals in the mortgage.

In reply to plaintiff's plea of estoppel defendants plead they were not estopped by any statements in the application for the loan, because at the time it was signed and sworn to it did not contain the description of any lands, and had been changed since. That the application for the loan, designation of homestead and recitals in the mortgage were not true nor relied upon by the investment company, and were not executed by Joseph Pickett in good faith with the intention of changing his actual homestead, but were simulated for the purpose of mortgaging the homestead, with full knowledge on the part of said company.

Upon the trial, for the purpose of being allowed to open and conclude, the defendants (appellants) admitted plaintiff's cause of action set forth in his petition, except insofar as it might be defeated by the facts of their answer constituting a good defense which might be established upon the trial. With this admission, the case was tried before a jury and the trial resulted in a verdict and judgment for plaintiff.

*Conclusions of Fact.*—The main question in this case is, was any part of the land described in the mortgage sought to be foreclosed embraced in the homestead of Joseph Pickett when the mortgage was executed? This was an issue of fact for the jury to determine, and as it was submitted to them and they decided it in the negative, upon evidence reasonably sufficient to sustain their verdict, we are not authorized to disturb their finding, but must make it our conclusion of fact. This conclusion necessarily rests upon the premises that the designation referred to in the pleadings of the parties was an actual and valid designation of the homestead; and that the 200 acres so designated were, at the time of the designation and execution of the mortgage, actually used for homestead purposes. These premises, also, find support in the evidence, else the conclusion stated on the principal issue could not have been reached.

*Conclusions of Law.*—From our conclusions of fact, no other conclusion of law can be reached than that the mortgage sought to be foreclosed is valid, and that therefore the judgment of foreclosure must be affirmed, unless there be assigned some error as to the admission or rejection of testimony, or to the charge that requires its reversal. We will, therefore, consider such assignments.

1. The appellants offered to prove by George P. Robertson, that the designation of Pickett's homestead was planned, prepared and executed at the instance and request and under the direction of the Lombard Investment Company, and that this was done after the agent of the company had inspected and viewed the lands and knew the location of the farm and improvements, and that Joseph Pickett did not assist or direct the preparation thereof and had nothing whatever to do with the same. Appellee's counsel objected to such testimony upon the grounds that it was irrelevant and immaterial and there were no allegations charging any fraud or imposition of the Lombard Investment Company on Pickett, or any allegations charging the perpetration of any fraud on Mrs. Pickett.

The court sustained the objections, and its action in doing so is the basis of the first assignment of error. Suppose the testimony offered

had been introduced, then, *cui bono?* We can perceive none. Though the designation may have been planned, prepared and executed at the instance of the investment company, in the absence of fraud of such company on Joseph Pickett, or the company and Pickett (either or both) on Mrs. Pickett, it would nevertheless be a valid designation, if all the land embraced were used at the time for homestead purposes. Such fraud could not be proven unless alleged, and there was no such allegation.

2. The appellants also offered to prove by Mrs. T. M. Pickett, one of appellants, that while she signed the designation of homestead, she did so at the request of her husband, and that had she known it designated other lands and excluded the farm she would not have signed it. Objections that such testimony was irrelevant and immaterial were properly sustained to its introduction. It is for the head of the family to designate and set apart the homestead, and when its head was, as in this case, the husband, it is not essential to the validity of such designation that it be signed by the wife, or, in the absence of fraud, even that it be assented to or concurred in by her.

3. The appellants offered to prove by N. R. Morgan that he swore Joseph Pickett to the application for loan introduced in evidence by appellee, and that he saw Pickett sign such application and swore him to it, but at the time he signed and swore to the application it contained no description of any lands, and that the typewritten description and field notes as they now appear were afterwards pasted in the application by the Lombard Investment Company. The court sustained the objections that such testimony was irrelevant and immaterial and no legal rights could be predicated upon it if true. This ruling was correct, for it was not essential to the validity of the mortgage that there should be any written application for the loan, nor, if there were such application, that it should contain any description of or field notes of the land intended to be mortgaged to secure the loan.

4. This special charge; "where a person is possessed of several different parcels of land aggregating over two hundred acres, all of which are used for the purpose of a home, he has the right under the law to designate any two hundred acres thereof as his homestead. Now if you believe from the evidence that Joseph Pickett, on October 23, 1890, owned about five hundred acres of land, and that he had previously designated two hundred acres thereof as his homestead in the designation in evidence, and if you further believe that said two hundred acres therein described was at the time used by him for the purpose of a home, although the use may have been a mere convenience and may have produced little or no revenue, you should find for the plaintiff the amount of his debt and finding that he has a lien on the land described in his original petition," given at appellee's request, is assigned as error. There is no merit in the assignment, for the charge is in perfect harmony with the views of the court expressed in the prior opinion, which we believe to be the law applicable to the facts in this case.

5. In the sixth paragraph of the charge is embodied all the essential elements of an estoppel in pais; there was evidence of the existence of all the matters constituting such estoppel; and such paragraph simply informed the jury of the law flowing from such matters, if established

by the evidence, and how to apply it.    Parrish v. Hawes, 66 S. W. Rep., 210.

This disposes of all the assignments of error and requires an affirmance of the judgment.

*Affirmed.*

Writ of error refused.