COMPTON et al. v. WOODWARD.
(No. 5640.)

(Court of Civil Appeals of Texas. Austin. May 17, 1916. Rehearing Denied June 28, 1916.)

1. HOMESTEAD ☞70, 150(1)—ESTABLISHMENT —RIGHT OF SURVIVING WIFE.

A husband and wife at the husband's death owned, as community property, four tracts of land. At his death and for several years preceding they had resided upon the first tract of 100 acres, and had previously worked parts of the second tract of 59 acres, and had worked and rented the second and third tracts and had purchased the fourth tract to procure the firewood therefrom, the second and third tracts being about two miles from the first tract, and no two of them being contiguous. The widow and children continued to reside upon the first tract, and to work and rent the second and third tracts, and entered into a partition agreement whereby the widow was to receive the first and second tracts and the children the other two, and had executed a partition deed and entered into possession of their respective tracts and continued to rent parts of them, and the widow had claimed the two tracts as her homestead. *Held*, that all of the four tracts were sufficiently impressed with a homestead character to permit her to designate, in addition to the 100-acre tract on which she resided, an additional 100 acres out of any of the tracts, and the partition had the effect of such designation.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 100–103, 294–301; Dec. Dig. ☞ 70, 150(1).]

2. HOMESTEAD ☞146—RESIDENCE—DESIGNATION OF ADDITIONAL TRACT.

In such case, and even if the second tract was not part of the homestead at the husband's death or at the partition, but the other three tracts were impressed with a homestead character, the widow had the right to retain her residence upon the first, or 100-acre tract, and to exchange her interest in the two tracts from which she was authorized to select the 100 acres necessary to make the balance of her homestead, for another tract equally susceptible of being used for homestead purposes, which exemption would attach to the tract so received by her in such exchange or partition and continue while she used it consistent with homestead purposes.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 257; Dec. Dig. ☞146.]

Appeal from District Court, Williamson County; C. A. Wilcox, Judge.

Suit by Mrs. S. C. Woodward against C. V. Compton and others. From a judgment restraining an execution sale of a homestead, defendants appeal. Affirmed.

S. I. Reinhardt and W. A. Barlow, both of Taylor, for appellants. Hair & Woodward, of Temple, and Wilcox & Graves, of Georgetown, for appellee.

KEY, C. J. Appeal from the district court of Williamson county from a judgment restraining an execution sale of a homestead.

The nature and result of this suit are sufficiently indicated by the trial judge's findings of fact and conclusions of law. In the first subdivision of the findings of fact, where the trial judge dealt with the second tract of land, through inadvertence, he referred to it one time as "said third tract"; and, with that correction, we adopt his findings of fact; and, after careful consideration, we also adopt his conclusions of law. The findings and conclusions referred to read as follows:

### "Findings of Fact.

"I find that on March 6, 1891, J. P. Woodward died, leaving surviving him Mrs. S. C. Woodward. who is the plaintiff in this suit, and the children named in plaintiff's petition. At the time of his death, the said J. P. Woodward and his wife owned, as community property, four tracts of land described in plaintiff's petition; and at the time of his death and for several years preceding, the said Woodward and wife and children had resided upon the 100-acre tract designated in the petition as the 'first tract.' The said J. P. Woodward and members of his family had for years previous to his death worked portions of the tract of land designated in the petition as the 'third tract,' and had at times rented portions of said third tract to other persons. At the time of the death of said Woodward, an unmarried son, then living with the family, was working a portion of said third tract. The tract of land designated in the petition as the second tract had, up to the time of the death of said Woodward, been rented out for much the greater portion of the time; but said Woodward and members of his family had worked said third tract at least one year since the purchase thereof. The tract of land designated in the petition as the fourth tract was timbered land and was originally purchased for the purpose of procuring firewood therefrom, and had been used by said Woodward and his family for such purposes up to the time of his death. The tract designated in the petition as the second tract is situated about two miles from tract No. 1, and the third tract is situated about two miles from tract No. 1, and the fourth tract is situated several miles from tract No. 1, no two of said tracts being contiguous.

"(2) After the death of said J. P. Woodward, his widow and children continued to reside upon the 100-acre tract of land, the children from time to time moving away until at the date of the partition hereinafter referred to, only the plaintiff and one unmarried daughter were residing upon said tract. From the date of the death of said J. P. Woodward to the date of the verbal partition hereinafter referred to, said tract No. 3 had at times been worked by the members of the family, and had at times been

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rented out; however, at the date of said partition, said tract No. 3, containing 137½ ·acres of land, was entirely rented out. After the death of said J. P. Woodward, tract No. 2 had been continuously rented out by the plaintiff, although it appears that some work had been done thereon by a member of the family at the time of the partition the timber upon the fourth tract had been practically exhausted, and at that time and since said tract has not been of any material use to the owner.

"(3) I find that in the month of August. 1911, plaintiff Mrs. S. C. Woodward and her children entered into a verbal partition .whereby it was agreed that plaintiff should receive the 100-acre tract designated as tract No. 1, and the 59¾-acre tract designated as tract No. 2, as her full share and interest in all of said estate, and that the children should receive tracts No. 3 and 4 as their interest in said estate. I find that said partition was made in good faith and that same was fair and equitable. All of said parties, in accordance with said verbal partition, on the 14th day of January, 1915, executed a partition deed, conveying to the respective parties the tracts assigned to them by said oral partition. At the time of and since said oral partition, the respective parties have been in possession of and using the respective tracts allotted to them in the partition, the plaintiff Mrs. S. C. Woodward, renting out the farming land situated upon the 100-acre tract and the 59¾-acre tract so allotted to her, and the children renting out the tracts allotted to them. And since the said partition the plaintiff has continuously claimed ·the two tracts allotted to her as her homestead.

"(4) I find that on the 6th day of June, 1911, the defendant C. V. Compton procured a judgment against the plaintiff, Mrs. S. C. Woodward, and one J. A. Lindsey, in the amount of $945, same bearing 10 per cent. interest from date, and that on the 6th day of October, 1911, he procured and had filed in the county clerk's office of Williamson county an abstract of said judgment. That on the 23d day of November, 1914, said defendant caused to be issued an execution upon said judgment for the sum of $546, the balance due thereon, and caused the sheriff of Williamson county to levy said execution upon the 59¾ acres of land designated herein as tract No. 2; but, by reason of the fact that notice of sale was not given within the time required by law, the defendant thereafter caused a writ of venditioni exponas to be issued, which said writ was levied upon said tract of land and said tract advertised for sale thereunder, and said sale having been restrained by a temporary injunction issued in this cause.

"Conclusions of Law.

"1. I conclude that at the time of the death of said J. P. Woodward all of the four tracts of land described in plaintiff's petition were sufficiently impressed with the homestead character as to permit the plaintiff, as the surviving widow of said J. P. Woodward, to designate and select in addition to the 100 acres upon which she resided, an additional 100 acres out of any of said tracts as her homestead, and that the partition had the effect of such designation.

"2. However, should it be held that the tract of land upon which the execution was issued as above set out was not a part of the homestead at the time of the death of said J. P. Woodward, and at the time of said oral partition, nevertheless I am of the opinion that the other three tracts were without question impressed with the homestead character on said dates, and that the plaintiff had the right under the law to retain her residence upon the 100-acre tract and to exchange her interest in the two tracts from which she was authorized to select the 100 acres necessary to make the balance of her homestead, for another tract equally susceptible of being used for ·homestead purposes, and that the exemption should attach to the tract of land so received by her in such exchange or partition, and would continue so long as she used the same consistent with homestead purposes, and in the manner best adapted to her needs."

Opinion.

[1, 2] We approve and adopt the learned trial judge's conclusions of law, and in support of the first conclusion we cite Farmer v. Hale, 14 Tex. Civ. App. 73, 37 S. W. 164, Baldeschweiler v. Ship, 21 Tex. Civ. App. 80, 50 S. W. 644, and Pickett v. Gleed, 39 Tex. Civ. App. 71, 86 S. W. 946; and in support of the second conclusion, reference is made to Schneider v. Bray, 59 Tex. 668, Watkins v. Davis, 61 Tex. 414, Leland v. Chamberlin, 60 S. W. 435; and on all of the questions presented in this case we refer to the second edition of Judge Speer's valuable treatise on Marital Rights, and especially to section 396.

All the questions presented in appellant's brief have been carefully considered, and our conclusion is that the judgment should be affirmed, and it is so ordered.

Affirmed.