**HANES v. HANES.   (No. 248–3448.)**

(Commission of Appeals of Texas, Section B.
March 22, 1922.)

**1. Appeal and error ☜1083(1)—Supreme Court must review law questions properly raised by prevailing party in Court of Civil Appeals.**

The Supreme Court must consider all questions of law properly raised by the prevailing party in the Court of Civil Appeals.

**2. Acknowledgment ☜60—Evidence held insufficient to show that married woman not acknowledging deed as required by statute was then permanently separated from her husband.**

Where a married woman's acknowledgment of a deed was not taken in the manner required by statute, evidence *held* insufficient to show that she was permanently separated from her husband.

**3. Appeal and error ☜218(2)—Objection below is necessary to consideration of assignments on appeal.**

Where no objections were made in the trial court to the form in which special issues were submitted, an assignment of error thereon cannot be considered.

**4. Homestead ☜29—Husband may designate homestead so long as he does not exclude indispensable property or act in fraud against wife's rights.**

It is one of the husband's prerogatives as head of the family to designate the homestead, and his acts in so doing are not subject to question so long as he does not exclude from the designation property indispensable to the home, or does not act in fraud of the wife's homestead rights.

**5. Homestead ☜125—Where title is in husband or community, he may make valid sale of excess over homestead exemption.**

Where the title to the property is in the husband or the community, he may make a valid sale of the excess over the homestead exemption without the joinder of his wife.

**6. Homestead ☜125—Deed held valid as to excess without joinder of vendor's wife.**

A husband's deed to fifty acres of land *held* valid, and to pass title without the wife's joinder, since it was a sale of an excess of their property over and above the homestead exemption.

**7. Trusts ☜31—Legal and equitable title held to be in grantee, and that she did not hold in trust for her husband.**

Where a father deeded land to a daughter-in-law in consideration of her marriage to his son, reciting that the value of the land was to be deducted from the son's part of the grantor's estate, *held*, that the legal and equitable title were in her, and that she did not hold the land in trust for her husband.

**8. Descent and distribution ☜69—One may dispose of his property while living so as to defeat any claims of his heirs.**

One has a legal right to dispose of his property while living so as to defeat any claims therein on the part of any of his heirs, and he can make such disposition of the remainder of his estate as shall be dictated by his judgment or pleasure.

**9. Appeal and error ☜1003—Jurisdiction of Supreme Court does not extend to assignment of error following only fact question.**

An assignment of error that the jury's answer to a special issue is contrary to the weight and preponderance of the testimony raises a fact question over which the jurisdiction of the Supreme Court does not extend.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

On motion for rehearing. Motion overruled.

For former opinion, see 234 S. W. 1078.

McCLENDON, P. J. [1] Defendant in error was appellant in the Court of Civil Appeals, and in that court urged six assignments of error, numbered 1 to 7, there being no assignment No. 2. Five of these assignments were overruled by that court, but the sixth (No. 7), to the effect that the deed under which plaintiff claimed was tainted with illegality, in that its consideration in part was an agreement not to prosecute defendant's son, was sustained, the trial court's judgment reversed, and judgment rendered in favor of the appellant in that court, defendant below, and defendant in error here. The cause was brought to the Supreme Court by appellee, plaintiff below, upon one assignment of error, which questioned the ruling of the Court of Civil Appeals upon the issue of the illegality of the deed under which appellee claimed. Appellant's assignments of error which were overruled in the Court of Civil Appeals were not further urged, and in our original recommendation to the Supreme Court we declined to consider them for that reason. Defendant in error in a motion for rehearing now urges all the assignments of error presented in his brief in the Court of Civil Appeals, and it becomes our duty under the holding of the Supreme Court in Holland v. Nimitz (Tex.) 239 S. W. 185, decided March 15, 1922, not yet [officially] published, to consider all questions of law properly raised by the prevailing party in the Court of Civil Appeals. These assignments will be considered in the order in which they appear in appellant's brief. For convenience we will refer to the parties as appellant and appellee.

[2] Appellant offered in evidence a deed executed by appellee, conveying the land in

question to appellant for the recited consideration of $100 cash. This deed was executed September 2, 1914, and acknowledged on the following day, but the acknowledgment was not taken in the manner required by statute for married women. The deed was excluded upon the objection that at the time it was executed appellee was a married woman and her privy acknowledgment was not taken. It is contended that this ruling was erroneous, in that the evidence was sufficient to raise the issue that, at the time of the execution and acknowledgment of the deed, appellee and her husband were permanently separated. We have reached the conclusion that the evidence will not support a finding of permanent separation at that time. Appellee and Bryan Hanes were married June 19, 1914. On the same day they went to the home of appellee's parents, where they spent the night. The next day they went to the home of appellant and his wife, where they resided until September 19, 1914, on which date plaintiff returned to her parents. The deed was executed 17 days before appellee left the home of her husband's family, and, while there is some testimony to the effect that at that time she and her husband were occupying different rooms, still we think it is quite clear from the evidence, viewed most strongly as supporting a permanent separation, that such status did not then exist. At most the evidence shows that at that time appellee was in a disturbed state of mind, and was uncertain as to what she should do. She was several years older than her husband, and some of the witnesses testified that she had expressed the view that it would be better for her to leave him. Appellant's wife testified to having counseled with her, and having suggested that she go home and talk the matter over with her own mother. She remained under the same roof and in the family circle with her husband up to September 19th; and we are unable to draw the inference that up to that time there was anything more than a contemplation in her mind of permanent separation. We do not think the evidence would warrant a finding of permanent separation antedating her actual removal from the residence of her parents-in-law. We therefore conclude that the trial court correctly excluded the deed.

[3] It is urged that the first and second special issues were misleading, in that the jury were impressed therein—

"that it was necessary that the duress and threats and force alleged in defendant's answer must be such as to render the defendant incapable of disposing of his property."

It would probably be sufficient to call attention to the fact that no objection was made in the trial court to the submission of these issues in the form in which they were submitted, or otherwise, and that therefore this assignment cannot be considered. Aside from this, however, the objection is without merit. In addition to pleading duress, appellant in his answer alleged that he and his life, at the time of executing the deed, were in such mental state on account of ill health and worry over their son that they were incapable of executing the deed. Special issues 1 and 2 presented the case from this viewpoint. They were not upon the subject of duress. That subject was submitted in the third and fourth special issues, of which there is no complaint.

[4-6] It is further urged that the 50 acres deeded to appellant by appellee and wife was the latter's homestead, and therefore the wife was a necessary party to the suit. The uncontradicted evidence shows that the 50 acres in question was part of a 400-acre tract upon which appellant and his family resided. It was situated several hundred yards from the residence, was inclosed in a hogproof fence, and was used for pasturing stock. No part of it was in cultivation. It was not shown how much of the 400 acres was in cultivation, or that there had ever been a designation of the 200-acre homestead exemption out of the 400-acre tract, or that the 50-acre tract, or any part of it, must necessarily have been included in such exemption. It is one of the husband's prerogatives, as head of the family, to designate the homestead; and his acts in so doing are not subject to question so long as he does not exclude from the designation property indispensable to the home, or does not act in fraud of the wife's homestead rights. Where the title to the property is in the husband or the community, he may make a valid sale of the excess over the homestead exemption without the joinder of the wife. Marler v. Handy, 88 Tex. 421, 31 S. W. 636; McGaughey v. Bank, 41 Tex. Civ. App. 191, 92 S. W. 1003 (writ of error denied); Neiman v. Schuster (Tex. Civ. App.) 43 S. W. 1075. It necessarily follows, in the absence of a showing either that appellant acted fraudulently or that the tract conveyed must necessarily be included in any proper designation of the 200-acre exemption, that appellee acquired title to the 50-acre tract by virtue of appellant's execution of the deed alone. The wife's joinder was not essential to passing the title, and she was not a necessary party to the suit. See Cooley v. Miller (Tex. Com. App.) 228 S. W. 1085.

[7, 8] As shown in our original opinion, the deed under which appellee claimed recited "that the value of this land be deducted from Bryan Hanes' part of the estate of C. W. Hanes, his father. It is contended that this recital evidenced the fact that the consideration for the deed was the interest of Bryan Hanes in the estate of his father, and that the title conveyed to appellee was in trust for Bryan Hanes. At the time this

property was conveyed to appellee; so far as the record shows, Bryan Hanes had no interest therein, and the title was either in appellant or in the community of appellant and his wife. The deed was executed prior to the marriage of appellee and Bryan Hanes, and the consideration, as shown in our original opinion, was appellee's marriage to Bryan Hanes. Under these circumstances there is no question but that both the legal and equitable title to this property vested in the appellee alone. Appellant had the right to convey the property to appellee, and, if he saw fit, he also had the right to make the value of the property a charge against the share which Bryan Hanes might ultimately receive in the distribution of his estate. When the deed was executed Bryan Hanes' only interest in that estate was that of an expectant heir. Appellant had the legal right to dispose of his property while living so as to defeat any claim therein on the part of any of his heirs, and in finally disposing of the remainder of his estate at his death it was his unquestioned right to make such disposition among his heirs as might be dictated by his judgment or pleasure.

[9] The fifth (No. 6) assignment of error complains that the answer of the jury to special issue No. 1 is contrary to the great weight and preponderance of the testimony. This assignment raises only a question of fact over which the jurisdiction of the Supreme Court does not extend.

The last assignment of error was passed upon, and we think correctly, in our original opinion.

We conclude that the motion for rehearing should be overruled.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.