CARAWAY v. JOHN HANCOCK MUT.
LIFE INS. CO.

No. 9986.

Court of Civil Appeals of Texas.
San Antonio.

March 10, 1937.

Rehearing Denied. April 7, 1937.

W. B. Green, of Nixon, for appellant.

Henry, Bickett & Bickett, of San Antonio, for appellee.

SLATTON, Justice.

Mrs. H. V. Caraway, for herself and as next friend for G. L. Caraway, her husband, filed this suit in the district court of Gonzales county, against John Hancock Mutual Life Insurance Company, to cancel a deed of trust lien and a trustee's deed covering a 50-acre tract of land situated in Gonzales county. During the pendency of the suit the husband, G. L. Caraway, passed away, and the suit was continued by Mrs. H. V. Caraway, for herself and as survivor in community; the theory of recovery being, that at the time of the incumbrance of the 50-acre tract of land in suit, the same was a part of the rural homestead of herself and her husband. The trial was to the court, without the intervention of a jury, and resulted in a judgment for the appellee and against appellant; hence the appellant prosecuted this appeal.

The trial court found that on or about the 17th day of December, 1925, G. L. Caraway, now deceased, then the husband of appellant, H. V. Caraway, made a written application to a mortgage company, a corporation, now Martindale Mortgage Company, for a loan in the principal sum of $1,000, and offered to secure the loan by a lien on the tract of 50 acres of land in suit; and that at such time the said Caraways occupied and claimed as their homestead other land in Gonzales county, aggregating 225 acres (not including the 50 acres in suit). That at the time the loan was made the 50 acres in question were used by J. M. Nichols, a tenant of the Caraways. That subsequent to the making of such application, a representative of the mortgage company made a personal inspection of the tract of 50 acres of land, and found that the tenant, Nichols, was using the land in suit, and that the Caraways were not then occupying said 50-acre tract, but were residing in a house about one-fourth of a mile from the 50 acres of land, which house was situated on land belonging to the Caraways. It was further found by the trial court, that at the time of the negotiations and closing of the loan the Caraways owned 325 acres of land, in addition to the 50 acres in suit, or a total of 375 acres, lying in a body, with approximately 185 acres in cultivation, exclusive of the 50 acres in suit; and that the 50 acres of land were separated from the 75-acre tract of land, whereon Mr. and Mrs. Caraway resided, by an intervening tract of 150 acres owned by the Caraways. That during the negotiations of the loan on the 50-acre tract G. L. Caraway and his wife, H. V. Caraway, executed a written designation, which was sworn to on January 30, 1926, in which they designated as their homestead 225 acres of land, being no part of the 50 acres involved in this suit.

Upon these findings of fact the trial court found as a matter of law, that G. L. Caraway and his wife, H. V. Caraway, gave and created a valid deed of trust lien on the 50 acres of land in suit, and further found as a matter of law, that the appellant, individually and as survivor in community of the estate of herself and her deceased husband, was estopped from pleading or setting up the claim of homestead, as against the deed of trust lien on the tract of 50 acres of land involved in this suit.

There is evidence in the record to amply support the learned trial judge's findings of fact, and, this being so, we are of opinion that his conclusions of law are correct.

Article 3841, of the Revised Civil Statutes of Texas, provides: "When the homestead of a family, not being in a town or

city, is a part of a larger tract or tracts of land than is exempt from forced sale as such homestead, it shall be lawful for the head of the family to designate and set apart the homestead, not exceeding two hundred acres, to which the family is entitled under the constitution and laws of this State."

In the case of Reed v. Mahone et al., 281 S.W. 277, 279, the Court of Civil Appeals of Texarkana said: "The husband had the right under the law, as conceded, to designate and set apart the homestead of 200 acres, and to do so without the concurrence of the wife. And he could fix the excess of 97 acres over the 200 acres on either the 120-acre tract or the 177-acre tract; the right being fairly exercised toward the wife, and the residence being included in the homestead designation."

Here we have the joinder of the wife in such designation and it is therefore that much stronger than the Reed Case, supra.

In the case of Pickett et al. v. Gleed, 39 Tex.Civ.App. 71, 86 S.W. 946, 948 (writ of error denied), this court, in an opinion by the late eminent Associate Justice Neill, expressly approved a charge given by the trial court, in this language: "Where a person is possessed of several different parcels of land, aggregating over 200 acres, all of which are used for the purpose of a home, he has the right, under the law, to designate any 200 acres thereof as his homestead."

That the lien given by the Caraways was a valid one as against a homestead claim has further support in the following authorities: Hanes v. Hanes (Tex.Com.App.) 239 S.W. 190; McGaughey v. American National Bank, 41 Tex.Civ.App. 191, 92 S.W. 1003 (writ of error denied).

Under the facts found by the trial court, we think the appellant is estopped to claim homestead under the facts of this case. In the case of Sanders v. Life Insurance Company of Virginia (Tex.Civ.App.) 57 S.W. (2d) 327, 330, it is said: "It is well settled that, where the facts respecting two places are such that the homestead character will attach to either to the exclusion of the other, according as the husband and wife intend, a declaration by the spouses of their intention in this respect will estop them from disputing the truth of the declaration as against one who acquires a deed of trust in reliance upon such declaration."

In the case of Carstens v. Landrum, 17 S.W.(2d) 803, 804, our Supreme Court, speaking through the Commission of Appeals, in a state of facts similar to this, said: "It is no longer an open question in this state that, where the tangible facts respecting two places are such that the homestead character will attach to either, to the exclusion of the other, according as the husband and wife intend, a declaration by the spouses of their intentions in this respect may estop them from disputing the truth of the declaration." Citing Parrish v. Hawes, 95 Tex. 185, 66 S.W. 209.

It follows that the judgment of the trial court should be affirmed, and it is so ordered.