Loncy L. Leake, Mesquite, Shelton W. Booth, Dallas, for appellant.

W. D. Brown, Quitman, Florence, Garrison & Holt, Gilmer, for appellee.

DAVIS, Justice.

O. M. Childress was first married to Essie Laminack who died in 1928. To this marriage, one child only was born, viz., Otha Mae Childress. Otha Mae Childress was married to Orel Smith. Soon after their marriage, they moved to Shreveport, Louisiana, where they have since made their home.

On October 16, 1935, O. M. Childress married Mae Childress. At the time of his marriage to Mae Childress he owned several tracts of land in Wood County. Subsequent to his marriage he and Mae Childress bought several tracts of land. In 1950, oil commenced being produced from the separate property that was owned by O. M. Childress at the time of his marriage to Mae Childress. There was no oil produced from any of the property acquired by O. M. Childress and Mae Childress except on a twenty acre tract. On the 10th day of October, 1951, O. M. Childress executed a

**Mae CHILDRESS, Appellant,**

**v.**

**Otha Mae SMITH, Independent Executrix of the Estate of O. M. Childress, Deceased, Appellee.**

**No. 7262.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 18, 1960.

homestead designation as authorized by Articles 3841, 3842, and 3843 of Vernon's Ann. Tex.Civ.St. O. M. Childress died on the 9th day of October, 1957. Prior to his death, he executed a Will in which he named Otha Mae Smith Independent Executrix of his Estate. She filed the Will for probate, and then filed an inventory and appraisement. Mae Childress, surviving wife of O. M. Childress, deceased, filed a contest to the inventory and appraisement, especially the setting aside of the homestead for the surviving widow in accordance with Section 271 of the Probate Code of the State of Texas, V.A.T.S. Relief was denied in the Probate Court, and an appeal was made to the District Court of Wood County. Trial of the case in the District Court resulted in an instructed verdict, wherein the trial judge instructed the jury to find that the homestead designation as set out by O. M. Childress in 1951 be set aside to Mae Childress. It was from this judgment that Mae Childress, appellant, took her exceptions and has perfected her appeal to this court. She brings forward only one point of error wherein she complains of the action of the trial court granting the motion of Otha Mae Smith, appellee, for an instructed verdict, and contending that the testimony and evidence raised issues of fact which should have been submitted to the jury.

In the homestead designation, O. M. Childress set aside to Mae Childress 56 acres of land upon which their home was situated, which was his separate property and an additional 152 acre tract that he and Mae Childress had bought subsequently to their marriage, making a total of 208 acres of land, more or less. Mae Childress did not plead fraud in the homestead designation by O. M. Childress. In the trial of the case in the district court, only two people testified, viz., Mae Childress and Otha Mae Smith. At the conclusion of the testimony, the trial court granted the motion for an instructed verdict. We will point out that in the testimony Mae Childress testified that she wanted the homestead designation as

set out by O. M. Childress. As heretofore stated, she did not plead fraud; neither did she prove it. Sections 50, 51, and 52 of Article 16 of the Constitution of the State of Texas, Vernon's Ann.St., provide for the homestead exemptions with which this case is concerned. In the case of Blake v. Fuller et al., Tex.Civ.App., 184 S.W.2d 148, 150, n. w. h., the provisions of the Constitution are discussed as follows:

"Sections 50 and 51, Article 16, State Constitution, Vernon's Ann.St., provide for the homestead exemption of a family. Section 50 creates the exemption; Section 51 limits the rural homestead to 200 acres; Section 52 gives the surviving spouse the right of occupancy of the homestead during life. *The homestead of the family is initiated by dedication thereof by the head of the family, or set aside to the surviving wife and children by the probate court.* Dedication of a rural homestead is accomplished by occupancy thereof by the head of the family as a place of residence, and the use thereof for the support of the family. Arts. 3841–3859, Vernon's Ann.Civ.St. govern the voluntary designation. Under these articles the head of the family has a right to designate any particular two hundred acres as a homestead, out of a larger tract or tracts of land." (Emphasis added).

█ There isn't much that can be discussed in this case, because at the time of the death of O. M. Childress, he and his wife, Mae Childress, owned a considerable amount of property, one-half of which went to Mae Childress. There is no evidence under the pleadings in this case that would warrant a submission of the issues on the homestead to be submitted to a jury. The law is well settled in Texas that the husband can set aside the homestead as was done in this case. Schulz v. L. E. Whitman & Co., 119 Tex. 211, 27 S.W.2d 1093; Hanes v. Hanes, Tex.Com.App., 239 S.W. 190, approved by the Supreme Court; Pickett

v. Gleed, 39 Tex.Civ.App. 71, 86 S.W. 946, error refused; Galloway v. Galloway, Tex. Civ.App., 236 S.W.2d 832, n. w. h.; Vaughn v. Vaughn, Tex.Civ.App., 279 S.W.2d 427, error refused, n. r. e.

We can not find anything in the evidence that would have the slightest tendency to impeach the homestead designation as set aside by O. M. Childress that would require a change of the homestead under the laws of the State of Texas. Wade v. First Nat. Bank of Quinlan, Tex.Civ.App., 263 S.W. 654, error dismissed.

Finding and believing that the trial court properly instructed the verdict, and, finding no error in the record, the point is overruled and the judgment is affirmed.